**UNITED STATES of America,
Appellee,**

v.

**Leo M. HIKEN, Appellant.**

**No. 71-1386.**

United States Court of Appeals,
Eighth Circuit.

March 29, 1972.

Edwin M. Sigel, Dallas, Tex., Bernard W. Weitzman, St. Louis, Mo., for appellant.

Kenneth R. Heineman, First Asst. U. S. Atty., Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES, Chief Judge, and LAY and ROSS, Circuit Judges.

PER CURIAM.

Appellant was found guilty under a three-count indictment of filing false and fraudulent income tax returns for the years 1964, 1965 and 1966, in violation of 26 U.S.C. § 7201. The district court sentenced appellant to three years on each count and provided that the sentences were to run concurrently.

Appellant does not directly challenge the sufficiency of the evidence to make a submissible case. Therefore, we forego a detailed resume of the pertinent facts. It is sufficient to state that the Government presented an abundance of substantial evidence from which the jury could find, as it manifestly did, that the returns for the three years in question were false and did not reflect appellant's actual income. Additionally, there was evidence which, viewed in the light most favorable to the Government, proved that appellant furnished the data and information used in preparing the returns knowing it to be false and inaccurate.

Appellant does, however, assert that he was denied the right to fully cross-examine a Government witness and consequently was deprived of a fair trial. We disagree.

The lady who had prepared the income tax returns for the years in question and prior years testified that appellant furnished the data, such as the amount of his income, the source thereof and deductible expenditures and, based upon such information, she prepared the returns. On cross-examination appellant's counsel sought to explore a stock transaction of appellant which took place several years prior to the years involved in the prosecution. Objection to such cross-examination was sustained on the ground that appellant was attempting to

inject collateral matters not the subject of direct examination. To be sure, cross-examination is a fundamental right demanding great respect, but regulation of the extent and scope of cross-examination must generally lie within the discretion of the trial court and reversal is warranted only where an abuse of discretion leads to prejudice. United States v. Seeverts, 428 F.2d 467, 468 n. 1(5) (8th Cir.1970); Smith v. United States, 407 F.2d 356, 359 (8th Cir.), cert. denied, 395 U.S. 966, 89 S.Ct. 2113, 23 L.Ed.2d 753 (1969); Howard v. United States, 128 U.S.App.D.C. 336, 389 F.2d 287 (1967).

We are not convinced that the trial court abused its discretion by refusing to allow cross-examination on a matter not explored on direct examination, where it is clear that such cross-examination would have served only to inject a collateral issue into the case. Appellant has wholly failed to demonstrate any prejudice from the court's ruling.

Appellant's second and remaining claim of error is that his Fourth, Fifth and Sixth Amendment rights were violated when "after appellant had been released from the federal penitentiary, the United States sent a Revenue Agent in lieu of a Special Agent to obtain incriminating evidence from appellant without giving proper Miranda warnings." This contention must be rejected. It is abundantly clear that appellant was not in actual or constructive custody on the occasions when he was interrogated by the Internal Revenue Agent. These interviews took place in appellant's drug store. We have held that neither the *Miranda* nor *Escobedo* case applies to non-custodial interrogations involving investigation of possible violations of the Internal Revenue laws. United States v. MacLeod, 436 F.2d 947 (8th Cir.), cert. denied, 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647 (1971); United States v. Brevik, 422 F.2d 449 (8th Cir.), cert. denied, 398 U.S. 943, 90 S.Ct. 1861, 26 L.Ed.2d 279 (1970); Cohen v. United States, 405 F.2d 34 (8th Cir.1968), cert. denied, 394 U.S. 943, 89 S.Ct. 1274, 22 L.Ed.2d 478 (1969).

Appellant received a fair trial, he was represented by competent counsel of his own choosing, the verdict is responsive to strong evidence, and the judgment should be and is affirmed.