**UNITED STATES of America,
Appellee,**

v.

**Marion KING, a/k/a Kruschev,
Appellant.
No. 73–1447.**

United States Court of Appeals,
Eighth Circuit.

Feb. 13, 1974.

Rehearing Denied Feb. 28, 1974.

Richard P. Jeffries and James A. Beckwith, Omaha, Neb., for appellant.

William K. Schaphorst, U. S. Atty., and Michael L. Schleich, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Marion King was convicted for the sale of heroin by the United States District Court for the District of Nebraska on July 15, 1973. King contends on appeal, as he did below, that his conviction should be set aside because grand and petit jurors are selected in Nebraska exclusively from voter registration lists in violation of the Federal Jury Selection and Service Act, 28 U.S.C. §§ 1861–1871. He also contends that the exclusive use of the voter registration list as a basis for selecting jurors results in younger persons—those from eighteen to twenty-seven—being excluded from jury service because they have a traditionally lower rate of registration than voters as a whole.

█ The Jury Act is not violated by the use of voter registration lists. *See*, United States v. Whitley, 491 F.2d 1248 (8th Cir., 1974); United States v. Dellinger, 472 F.2d 340 (7th Cir. 1972), cert. denied, 410 U.S. 970, 93 S.Ct. 1443, 35 L. Ed.2d 706 (1973); United States v. Gast, 457 F.2d 141 (7th Cir.), cert. denied, 406

U.S. 969, 92 S.Ct. 2426, 32 L.Ed.2d 668 (1972); United States v. Bennett, 445 F.2d 638 (9th Cir. 1971), cert. denied, 404 U.S. 1023, 92 S.Ct. 700, 30 L.Ed.2d 673 (1972); United States v. Parker, 428 F.2d 488 (9th Cir.), cert. denied, 400 U.S. 910, 91 S.Ct. 155, 27 L.Ed.2d 150 (1970); Simmons v. United States, 406 F.2d 456 (5th Cir.), cert. denied, 395 U.S. 982, 89 S.Ct. 2144, 23 L.Ed.2d 770 (1969); Chance v. United States, 322 F.2d 201 (5th Cir. 1963), cert. denied, 379 U.S. 823, 85 S.Ct. 47, 13 L.Ed. 2d 34 (1964); Gorin v. United States, 313 F.2d 641, 644 (1st Cir. 1963).

Indeed,

[t]he legislative history of the Jury Selection and Service Act indicates that Congress intended that most districts would rely on voter lists as the exclusive source of names for the master jury wheel and that only in exceptional cases would use of additional sources be required. * * *

The Jury System in the Federal Courts (Works of the Committee on the Operation of the Jury System of The Judicial Conference of the United States, 1966–1973), p. 104.

A statement by Congressman Kastenmeier, a member of the House Judiciary Committee, on the matter is typical of the views expressed by the members of the Committee:

* * * "Sources in addition to voter lists are to be used only where there is pronounced underrepresentation of a particular group." * * *

The Jury System in the Federal Courts, *supra* at p. 104, n. 8.

█ An inadequate showing of a pronounced underrepresentation of younger persons was made here. Thus, the failure of the District to supplement the voter lists with younger voters was not violative of the Act.

Affirmed.