**Alan STUART, Appellant,**

v.

**DEPARTMENT OF FINANCE AND ADMINISTRATION, Ed Hicks, Supervisor of Individual Income Tax Unit, Appellee.**

**No. 79–1067.**

United States Court of Appeals, Eighth Circuit.

Submitted May 1, 1979.

Decided May 7, 1979.

Alan Stuart, pro se.

Barry E. Coplin, Dept. of Finance & Administration, Little Rock, Ark., on brief, for appellee.

Before LAY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

This is an appeal by plaintiff from an order of the district court [1] dismissing the complaint for failure to state a claim. The undisputed facts show plaintiff filed a tax return stating his name, address, social security number, the date and his signature, but nothing else. Fifth amendment objections were entered for the rest of the return. With no information from plaintiff, his income was established by the routine practice of the Individual Income Tax Section of the Arkansas Department of Finance and Administration. Taxes were calculated, and the tax assessment was communicated to plaintiff. Plaintiff then brought suit asking that the district court declare the state tax law unconstitutional and the tax assessment void and null.

Recognizing that plaintiff's claim was based on the assertion of his fifth amendment privilege against self-incrimination, the district court held:

> While the self-incrimination privilege can be exercised on an income-tax return as to certain questions, such as source of income, a return that does not answer *any* questions relating to income is not a return within the meaning of the law. *United States v. Silkman*, 543 F.2d 1218 (8th Cir. 1976), *cert. denied*, 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977); *United States v. Daly*, 481 F.2d 28 (8th Cir. 1973), *cert. denied*, 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973); *United States v. Sullivan*, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). The Fifth Amendment privilege protects only against real dangers, not vague assertions of the speculative consequences of fur-

nishing any information regarding income. Whether plaintiff owes any tax is not an issue before this Court.

We have carefully reviewed the record below, the brief of appellant and the Arkansas tax law, and we reach the following conclusions:

(1) Plaintiff's fifth amendment claim was correctly decided by the court below. *See also United States v. Irwin*, 561 F.2d 198, 201 (10th Cir. 1977), *cert. denied*, 434 U.S. 1012, 98 S.Ct. 725, 54 L.Ed.2d 755 (1978) (and cases cited therein); *Heligman v. United States*, 407 F.2d 448, 450–52 (8th Cir.), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2129, 23 L.Ed. 765 (1969).

(2) Plaintiff's attack on the monetary system, presented in his complaint, has likewise been repeatedly rejected by the federal courts. *See United States v. Rifen*, 577 F.2d 1111, 1112–13 (8th Cir. 1978); *United States v. Schmitz*, 542 F.2d 782, 785 (9th Cir. 1976), *cert. denied*, 429 U.S. 1105, 97 S.Ct. 1134, 51 L.Ed.2d 556 (1977); *United States v. Kelley*, 539 F.2d 1199, 1203 (9th Cir.), *cert. denied*, 429 U.S. 963, 97 S.Ct. 393, 50 L.Ed.2d 332 (1976); *United States v. Wangrud*, 533 F.2d 495 (9th Cir.), *cert. denied*, 429 U.S. 818, 97 S.Ct. 64, 50 L.Ed.2d 79 (1976); *United States v. Gardiner*, 531 F.2d 953, 955 (9th Cir.), *cert. denied*, 429 U.S. 853, 97 S.Ct. 145, 50 L.Ed.2d 128 (1976).

(3) The Arkansas tax laws provide ample opportunity for plaintiff to establish the error of any tax assessment by the tax department,[2] and we deny plaintiff's request that two specific provisions of the Arkansas tax law be declared unconstitutional.[3]

---

1. Judge Richard S. Arnold, United States District Judge for the Eastern District of Arkansas.

2. *See* Ark.Stat.Ann. § 84-2037 (taxpayer may apply for revision of a tax assessment at any time within three years from notice of that assessment, and taxpayer is entitled to a hearing); Ark.Stat.Ann. § 84-2038 (an adverse decision under section 84-2037 may be appealed by the taxpayer to any court of competent jurisdiction).

3. Ark.Stat.Ann. § 84-2029 (allowing the Arkansas tax commission to require a taxpayer who

has filed no return or an incomplete return to supplement the return by disclosing omitted items of income); Ark.Stat.Ann. § 84-2036(10):

> If any taxpayer, who has failed to file a return or has filed an incorrect or insufficient return and has been notified by the Commissioner of his delinquency, refuses or neglects within twenty [20] days after such notice to file a proper return, or files a fraudulent return, the Commissioner shall determine the income of such taxpayer according to his best information and belief and assess the

The dismissal by the district court was proper and is affirmed.

same at not more than double the amount so determined. The Commissioner, in his dis-

cretion, may allow further time for the filing of a return in such case.