**UNITED STATES of America, Appellee,**

v.

**Larry L. WARINNER, Appellant.**

**No. 79–1327.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1979.

Decided Oct. 11, 1979.

Rehearing Denied Nov. 14, 1979.

---

William A. Cohan, Denver, Colo., for appellant.

Andrew W. Danielson, U.S. Atty., James A. Morrow, Asst. U.S. Atty., and William Orth, Legal Clerk, Minneapolis, Minn., for appellee.

Before BRIGHT and HENLEY, Circuit Judges, and REGAN, Senior District Judge.*

HENLEY, Circuit Judge.

This is an appeal from a conviction and sentence following a jury trial in the United States District Court for the District of Minnesota, for willfully supplying false and fraudulent federal withholding tax information in violation of 26 U.S.C. § 7205. Appellant attacks his conviction contending that the district court erred in denying his motions: (1) to suppress a certain Form W–4E, (2) for an evidentiary hearing on the issue of selective prosecution, and (3) to dismiss because the jury pool did not include nonregistered voters. Finding no error, we affirm.

On April 1, 1976 Larry L. Warinner filed a Form W–4E with his employer, North Central Airlines. By submitting this withholding tax exemption form, Warinner indicated that his employer should not withhold federal income tax from his salary because he incurred no federal income tax liability for 1975 and anticipated he would incur no federal income tax liability for 1976. Although Warinner earned $31,567.21 in 1975 and $34,324.55 in 1976, he filed the Form W–4E because of political and legal convictions. Warinner attached numerous documents to his income tax withholding exemption form to explain the various grounds for his tax protest. The Form W–4E, without attachments, is reproduced as an appendix hereto.

Following Warinner's submission of the suspect Form W–4E, William C. Tschilda, a Special Agent for the Internal Revenue Service (I.R.S.), sent a letter to Warinner providing him with information concerning eligibility for use of the Form W–4E and advising him of penalties for false or fraudulent information on the tax form. Because Warinner did not respond to this letter, Special Agent Tschilda attempted to interview Warinner about his Form W–4E. Warinner refused to be interviewed and asked Tschilda to sent him an explanatory letter. Special Agent Tschilda sent such a letter and invited Warinner to meet him in his office.

Warinner was also notified of problems with his Form W–4E by his employer, North Central Airlines. In August, 1976 North Central received a letter from the I.R.S. indicating that Warinner's Form W–4E might violate certain I.R.S. regulations. The letter disclosed that under I.R.S. regulation 31.3402(f)(2)–1(e), the agency disregards altered or amended withholding exemption certificates.[1] Because Warinner apparently had violated the regulation by attaching various documents to his Form W–4E, Kitty Essman, a payroll manager at North Central, immediately sent a note to Warinner indicating that his Form W–4E was invalid and suggesting that he submit a Form W–4 or a new Form W–4E without

---

* The Honorable John K. Regan, United States Senior District Judge, Eastern District of Missouri, sitting by designation.

1. Regulation 31.3402(f)(2)–1(e) provides in pertinent part that:
   . . . Any alteration of or unauthorized addition to a withholding exemption certificate shall cause such certificate to be invalid;
   . . . If an employer receives an invalid withholding exemption certificate, he shall consider it a nullity for purposes of computing withholding; he shall inform the employee who submitted the certificate that it is invalid, and shall request another withholding exemption certificate from the employee. If the employee who submitted the invalid certificate fails to comply with the employer's request, the employer shall withhold from the employee as from a single claiming no exemptions . . . . .

alterations or remarks. The Essman note concluded that failure to submit a new form would result in federal income tax withholding based on the rate for a single person claiming no exemptions.

Thereafter on September 15, 1976 Warinner submitted a new Form W–4E to his employer without alterations or remarks certifying that he incurred no tax liability for 1975.[2] This form provided the basis for Warinner's subsequent indictment and conviction.

On appeal Warinner contends first that the subject Form W–4E involved an unlawful search in violation of his fourth amendment rights, compelled self-incrimination in violation of his fifth amendment rights, and was obtained without the assistance of counsel in violation of his sixth amendment rights.

His fourth amendment argument is based on the theory that Kitty Essman's note advising Warinner to file a new Form W–4E or W–4 constituted an unreasonable search and that his response to that note constituted a seizure. Recognizing that the fourth amendment only extends to searches conducted by the government, *Burdeau v. McDowell*, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); *United States v. Haes*, 551 F.2d 767 (8th Cir. 1977), Warinner argues that Kitty Essman was an agent of the I.R.S.

■ Appellant's position, however, is untenable. In *United States v. Echols*, 477 F.2d 37 (8th Cir. 1973), this court recognized the general rule that a search will be considered invulnerable to fourth amendment attack so long as the search is conducted for private purposes and without instigation or participation of government agents.

First, Ms. Essman, the North Central payroll manager, requested that Warinner submit a new withholding form at least in part for the company's own purposes. Because I.R.S. regulations indicated that an altered employee withholding exemption certificate may result in extra tax liability, Ms. Essman asked Warinner to file a new form for the purpose of helping the employee to comply with federal income tax regulations and avoid excessive tax payments. Thus, the Essman note had clearly private purposes.

Kitty Essman's dealings with Warinner were also conducted without direct instigation by or participation of government agents. Although the I.R.S. informed Ms. Essman of the potential invalidity of Larry Warinner's tax withholding form, the I.R.S. did not ask her to request that Warinner file a new Form W–4E. The I.R.S. merely noted that the Internal Revenue Code does not require an employer to ascertain the correctness of the Form W–4E and indicated an employer's legal responsibility was to inform the I.R.S. of a potentially invalid certificate.

The fact that in part the I.R.S. regulations consequentially may have motivated Ms. Essman to request a new withholding form is not in itself sufficient to create a government act within the ambit of the fourth amendment. *Cf. Meister v. Commissioner*, 504 F.2d 505, 510 (3d Cir. 1974).

But even assuming Kitty Essman was acting on behalf of the I.R.S., her letter together with Warinner's response did not amount to a seizure. Appellant cites *Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886), to support his theory that the Essman note violated the fourth amendment. In *Boyd*, the Supreme Court declared unconstitutional a subpoena of an invoice which showed that importers were fraudulently claiming excess duty exemptions. *Boyd*, however, involved compulsory production of evidence under a subpoena. Here, Warinner's filing of the Form W–4E was not compulsory, but rather entirely voluntary. Appellant was not obliged to file a Form W–4E to carry out his tax protest. He could have filed a Form W–4 and paid

---

2. Warinner also filed a Form W–4E on April 30, 1977 which includes tax protest attachments.

Warinner has not filed any income tax returns since 1972.

his income tax and then filed for a refund at the end of the year. True, he would have been denied the use of his money for a time; but that economic compulsion does not change the essentially voluntary nature of his act. Warinner's voluntary filing simply is not entitled to fourth amendment protection. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

Appellant's fifth amendment argument that Kitty Essman's note compelled him to incriminate himself by requiring him to furnish the Form W–4E is also unconvincing. Numerous cases in this circuit have held that it is not a violation of the fifth amendment to require the filing of tax forms. *Stuart v. Department of Finance & Administration,* 598 F.2d 1115 (8th Cir. 1979); *United States v. Silkman,* 543 F.2d 1218 (8th Cir. 1976), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977); *United States v. Daly,* 481 F.2d 28 (8th Cir.), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973).

■ A fortiori, where Warinner was not required to file, but rather voluntarily filed the Form W–4E, the appellant is not shielded by the fifth amendment. *Andresen v. Maryland,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976).

■ Appellant's sixth amendment argument is equally untenable. Appellant contends that Kitty Essman's failure to give him a *Miranda* warning denied him the right to counsel.

But, as we noted previously, Kitty Essman's actions were clearly private, and the *Miranda* requirement does not, of course, apply to private parties. Moreover, the Supreme Court has refused to extend the *Miranda* requirement to precustodial interro-

gations, *Beckwith v. United States,* 425 U.S. 341, 345, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976), and this court has specifically rejected application of *Miranda* to precustodial interrogations involving investigations of possible violations of the Internal Revenue Code. *United States v. Hiken,* 458 F.2d 24 (8th Cir. 1972); *United States v. MacLeod,* 436 F.2d 947 (8th Cir.), *cert. denied,* 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647 (1971); *United States v. Brevik,* 422 F.2d 449 (8th Cir.), *cert. denied,* 398 U.S. 943, 90 S.Ct. 1861, 26 L.Ed.2d 279 (1970). Because the Essman note was private action as well as precustodial, the *Miranda* rationale simply does not come into play.

Warinner next argues that his conviction was invalid because he was selectively prosecuted as a tax protester for exercising his first amendment rights and that he should have been granted a full evidentiary hearing to determine whether selective prosecution had occurred. The factual basis for Warinner's claim is that only his case was forwarded to the United States Attorney's office for prosecution even though a number of other cases were referred from North Central to the Criminal Division of the I.R.S. because of possible fraud in the filing of the W–4 and W–4E withholding statements.[3]

To determine whether a party has established a prima facie case of selective prosecution sufficient to warrant a hearing, courts have generally required that the party demonstrate that (1) others similarly situated have not been prosecuted for like conduct, and (2) his selection was based on an impermissible ground such as race, religion, or exercise of his constitutional rights. *United States v. Catlett,* 584 F.2d 864 (8th Cir. 1978); *United States v. Ojala,* 544 F.2d 940 (8th Cir. 1976); *United States v. Berrios,* 501 F.2d 1207 (2d Cir. 1974).[4] Since the

---

3. In his brief, Warinner also reveals that only tax protesters were prosecuted for violation of § 7205 for the tax years 1970–73 and that the standards in the I.R.S. manual are completely different for ordinary taxpayers and the vocal tax protester.

4. For a list of appellate courts recognizing this test, *see United States v. Johnson,* 577 F.2d 1304, 1308 (5th Cir. 1978).

appellant was selected by the I.R.S. criminal division for prosecution while other North Central employees similarly situated were not charged, Warinner arguably may have met the first prong of the test for selective prosecution. Appellant, however, has failed to show his selection was based impermissibly on exercise of his first amendment rights.

■ Warinner was a flagrant tax violator who had failed to file a federal income tax return since 1972 and who had come to the attention of the I.R.S. routinely in connection with his irregular tax withholding forms. While the I.R.S. may have selected Warinner's case because of the easy detectability and proof of his flagrant tax violations, "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962). We thus hold that appellant did not establish a prima facie case of selective prosecution sufficient to warrant a full evidentiary hearing.

Finally, Warinner contends that the jury pool did not represent a fair cross-section of the community because it consisted only of registered voters. Warinner argues that nonregistered voters constitute a distinctive group, *Taylor v. Louisiana*, 419 U.S. 522, 530, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), and the exclusion of nonregistered voters from the jury pool deprived him of persons sympathetic to his cause.

Nonregistered voters, however, do not constitute a cognizable group, *United States v. Freeman*, 514 F.2d 171, 173 (8th Cir. 1975); and various appellate courts, including this court, have upheld the use of voter registration lists as sources of jurors. *United States v. Grismore*, 546 F.2d 844 (10th Cir. 1976); *United States v. Goff*, 509 F.2d 825 (5th Cir.), *cert. denied*, 423 U.S. 857, 96 S.Ct. 109, 46 L.Ed.2d 83 (1975); *Hallman v. United States*, 490 F.2d 1088 (8th Cir. 1973).

■ Absent a showing of invidious discrimination in voter registration procedures or existence of barriers to registration, and no such showing is made or alleged here, we reject appellant's challenge to the jury pool. *Cf. Hallman v. United States, supra*, 490 F.2d at 1092.

Finding no error in the proceedings before the district court, we conclude that the judgment of conviction should be, and it is in all things, affirmed.

Appendix to follow.

215

APPENDIX

| Form **W-4E**<br>Department of the Treasury<br>Internal Revenue Service | **Exemption From Withholding**<br>(of Federal Income Tax)<br>For use by employees who incurred no tax liability<br>for 1975 and anticipate no tax liability for 1976 | **1976** |

| Type or print full name | | Social security number | Expiration date (see instructions and enter date) |

Home address (Number and street)

City, State, and ZIP code

| **Employee.**—File this certificate with your employer. Otherwise, your employer must withhold Federal income tax from your wages. | **Employee's certification.**—Under penalties of perjury, I certify that I incurred no liability for Federal income tax for 1975 and that I anticipate that I will incur no liability for Federal income tax for 1976. |
| **Employer.**—Keep this certificate with your records. This certificate may be used instead of Form W–4 by those employees qualified to claim the exemption. | (Signature)<br><br>(Date) |

16—83646-1

## Instructions

**Who May Claim Exemption from Withholding of Income Tax.**—You may be entitled to claim exemption from withholding of Federal income tax if you incurred no liability for income tax for 1975 and you anticipate that you will incur no liability for income tax for 1976. For this purpose, you incur tax liability if your joint or separate return shows tax before the allowance of any credit for income tax withheld. If you claim this exemption, your employer will not withhold Federal income tax from your wages. However, this certificate does not affect liability for the social security tax imposed by the Federal Insurance Contributions Act.

**When to Claim Exemption.**—File this certificate with your employer as soon as you determine you are entitled to claim

the exemption. You must file a certificate each year if you wish to continue to claim the exemption.

**Multiple Employers.**—If you are employed by more than one employer, you may claim the exemption from withholding with each employer, provided that the total of your anticipated income will not cause you to incur any liability for Federal income tax for 1976 and you incurred no liability for Federal income tax for 1975.

**When You Must Revoke this Exemption.**—You must revoke this exemption certificate: (1) within 10 days from the day you anticipate you will incur Federal income tax liability for 1976 or (2) on or before December 1, 1976, if you anticipate you will incur Federal income tax liability for 1977 (if a fiscal year taxpayer,

within 10 days after you so anticipate or by the first day of the last month of your current taxable year, whichever is later).

If you want to discontinue or are required to revoke this exemption, you must file a new Employee's Withholding Allowance Certificate (Form W–4) with your employer.

**Expiration Date of Exemption.**—This certificate will expire on April 30, 1977. If you file your income tax return on a fiscal year basis, it will expire on the last day of the fourth month following the close of your taxable year.

**Liability for Estimated Tax.**—If your employer does not withhold income tax from your wages and you incur income tax liability, you may be required to pay estimated tax and be subject to the penalty if it is not paid.

U S GOVERNMENT PRINTING OFFICE · 1975—O—575-030

16—83646-1