**UNITED STATES of America, Plaintiff,**

v.

**Jack L. MARVIN, Defendant.**

**No. 82–00115–CR–W–3.**

United States District Court, W. D. Missouri, W. D.

Sept. 17, 1982.

Robert E. Larsen, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

James R. Wyrsch, Charles E. Atwell, Byron N. Fox, Kansas City, Mo., for defendant.

OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT PURSUANT TO 28 U.S.C. SECTION 1867

ELMO B. HUNTER, Senior District Judge.

This cause pends, *inter alia,* on the motion of defendant Jack L. Marvin to dismiss the proceedings pursuant to 28 U.S.C. § 1867(d). In his motion, defendant argues that the method of selection of the grand and petit juries in the Western District of Missouri is in violation of the Jury Selection and Service Act, 28 U.S.C. § 1861 *et seq.,* (Jury Act), and denies defendant a fair cross section in terms of the grand and petit jury as mandated by the Sixth Amendment of the United States Constitution. Defendant asks that the Court issue an Order dismissing the indictment based upon the underinclusive nature of the jury wheel system, and, should the matter come to trial before a petit jury, that the jury be quashed for the same reasons of underrepresentation.

In its response to defendant's motion, the government first raises two procedural questions, (1) whether the defendant's motion was timely filed, and, if not, whether it must be dismissed for that reason, and (2) whether defendant's motion fails to contain a sworn statement of facts as required by 28 U.S.C. § 1867(d) and, therefore, the motion should be dismissed. Because, as will be discussed below, the Court denies the defendant's motion on the merits, it is not necessary to reach these procedural questions.

The parties submitted a stipulation in regard to defendant's motion to dismiss and at the hearing on defendant's pending post-trial motions defendant presented no further evidence on this motion. The Court will, therefore, base its decision on the evidence presented in the stipulation.

*Statute and Burden of Proof*

Section 1861, Title 28, United States Code, reads:

> It is the policy of the United States that all litigants in the Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes. It is further the policy of the United States that all citizens shall have the opportunity to be considered for service on grand and petit juries in the district courts of the United States, and shall have an obligation to serve as jurors when summoned for that purpose.

Section 1862 of the same title states as follows:

> No citizen shall be excluded from service as a grand or petit juror in the district courts of the United States on account of race, color, religion, sex, national origin, or economic status.

Under section 1867, a defendant can move to dismiss the indictment or stay the criminal proceedings against him on the ground of substantial failure to comply with the provisions of that Title in selecting the grand or petit jury.

The burden is on the defendant to establish a "prima facie showing of discrimination or systematic exclusion in the selection of the jury array." *United States v. Whiting,* 538 F.2d 220, 222 (8th Cir. 1976). He must "prove that the jury selection process

utilized in his cause systematically and arbitrarily excluded a cognizable class or ethnic group from jury service .... His proof must demonstrate that such procedure defeated 'a fair possibility for obtaining a representative cross-section of the community.'" *United States v. De Alba-Conrado,* 481 F.2d 1266, 1270 (5th Cir. 1973).

Under the Supreme Court decision in *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), which is applicable in cases under the Jury Act, *United States v. Clifford,* 640 F.2d 150, 155 (8th Cir. 1981), in order to establish a prima facie violation, defendant must show the following:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

439 U.S. at 364, 99 S.Ct. at 668. Accordingly, for defendant to prevail on his motion, he must establish each of the above requirements. There are two steps in establishing the second prong of this test: (1) the defendant must "demonstrate the percentage of the community make up of the group alleged to be underrepresented" and (2) he must "show the percentage representation of the groups in question on jury venires." *United States v. Goodlow,* 597 F.2d 159, 162 (9th Cir. 1979), *cert. denied, Wallace v. United States,* 442 U.S. 913, 99 S.Ct. 2830, 61 L.Ed.2d 280 (1979). See also, *United States v. Santos,* 588 F.2d 1300, 1303 (9th Cir. 1979), *cert. denied,* 441 U.S. 927, 99 S.Ct. 1994, 60 L.Ed.2d 374 (1980). (the court found no merit to the appellants-defendants' assertion that the jury selection process in Guam did not result in juries representing a fair cross section of the community in that they had not met their burden of showing "'systematic exclusion of [an] identifiable group within the community.'" In fact, the appellant had not even identified which groups had allegedly been excluded from the jury selection process.).

*The Evidence*

The parties have stipulated that the Clerk of the Court of the Western District of Missouri followed the local plan of the district in selecting the grand jury that indicted the defendant and will follow the same local plan in selecting any potential petit jury which will hear this cause. The court records reveal that the local plan has been appropriately approved by the reviewing panel as required by 28 U.S.C. § 1863(a). The parties have also stipulated that the ultimate source list for the grand jury that indicted defendant on July 15, 1982, was the voter registration list for the 1976 Presidential Election in the counties that compose the Western District of Missouri, and that the ultimate source list for any potential petit jury that will hear this cause will be the voter registration list for the Presidential Election in 1980. Under the jury plan, the petit jury will be chosen from the eleven counties in the Western Division.

Defendant's evidence consisted of statistics demonstrating for each county in the district the total persons eligible to vote and the total registered voters for both 1976 and 1980. The defendant then calculated the percentage of eligible voters which registered for each county in the two pertinent years. In 1976, these percentages ranged from 70% to 109%. Under the Court's calculation, the total percentage for all sixty-six counties in the Western District for 1976 was approximately 76%. The statistics provided by defendant for 1980 list percentages from 70 to 101, and under the Court's calculation the total was 78.5%. For the eleven counties comprising the Western Division of the Western District, from which the petit jury will be chosen under the local plan, in 1980, 76.5% of the eligible voters registered according to the statistics provided by defendant and totaled by the Court.[1]

1. The figures provided by defendant were only listed by county and no total percentages were calculated. To determine the totals, the Court added the numbers provided by defendant as the total eligible to vote and then summed the figures in the column "total registered voters."

There is no further break-down of the statistics into distinguishable groups or minorities. Instead, the defendant merely asserts that "statistics tell us in no uncertain terms that when voter registration lists are underinclusive of the community as a whole, that underinclusiveness invariably is of minority members of the community, who are more likely to feel their vote does not count and thus many do not register to vote," and cites the Court to some references. Memorandum in Support of Defendant's Sworn Motion to Dismiss, p. 1.

*Discussion*

Defendant argues that because of the percentage of qualified persons who do not register to vote, as demonstrated by their statistics, the use of only the voter registration lists does not fulfill the requirements of the Constitution or the policy of 28 U.S.C., § 1861. The Eighth Circuit Court of Appeals, however, has stated, "The Jury Act is not violated by the use of the voter registration lists." *United States v. King,* 492 F.2d 895, 896 (8th Cir. 1974), and cases cited therein. See also, *United States v. Warinner,* 607 F.2d 210, 214 (8th Cir. 1979), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1313, 63 L.Ed.2d 760 (1980). "Absent a showing of systematic exclusion of a class of qualified citizens, voter registration lists may be used as the only source of persons to serve on grand and petit juries." *Hallman v. United States,* 490 F.2d 1088, 1092 (8th Cir. 1973).[2] The court also indicated that the legislative history of the Act demonstrates that Congress "intended that most districts would rely on voter lists as the source of names for the master jury wheel and that only in exceptional cases would use of additional sources be required." *United States v. King,* 492 F.2d at 896.

The defendant asserts that previous cases upholding the use of only voter registration lists as the source for the juries are not conclusive because they were decided before the information from 1980 census was available. Under the statistics provided by defendant, the percentage of qualified voters who registered increased between 1976 and 1980. The Court is not persuaded that the information derived from the most recent census at all diminishes the holdings of the prior cases.

In conclusion, the Court finds that the defendant has failed to meet his burden to prove that jury selection process utilized by the Western District systematically and arbitrarily excluded a cognizable group. Defendant has not articulated what distinctive group in the community he alleges is underrepresented. He refers merely to "minorities" which the Court does not feel is adequate alone. Accordingly, the defendant has failed to meet his burden to demonstrate that the group alleged to be excluded is a "distinctive" group in the community, as required by the first prong of the *Duren* test. In addition, defendant did not demonstrate the percentage of the community make-up of the group alleged to be underrepresented and the percentage representation of the group on jury venires, or in any other manner show that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community as is required by the second prong of the *Duren* test. Finally, the defendant has failed to meet the third prong of the *Duren* test in that he did not demon-

Finally the Court divided the latter by the former.

2. In *Hallman,* the defendant had asserted that Blacks were systematically excluded from grand and petit juries in violation of the Constitution. The Eighth Circuit affirmed the district court's rejection of that argument. The trial court had pointed out that the federal statutes and local jury selection plan provided for selection of jurors from voting lists and cards. The jurors were chosen anonymous to those selecting and, as in this Court's plan, every four years following a national election, a new list of jurors is compiled. This system keeps the lists current. In that the race of the potential juror is unknown when drawn, it is impossible to say that the system systematically excludes any race. The court concluded, " 'Petitioner has neither alleged nor demonstrated any statistical disparity between those minority persons qualified to be jurors and those minority persons who actually serve as jurors.' " 492 F.2d at 896.

strate that underrepresentation is due to the systematic exclusion of the group in the jury selection process.

Because the defendant has failed to prove substantial failure to comply with the provisions of the Jury Act, 28 U.S.C. § 1861 *et seq,* or the Constitution, the defendant's request that the indictment be dismissed and the petit jury be quashed must be denied. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss the indictment pursuant to 28 U.S.C. § 1867(d) is hereby denied.