755 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DON C. PASCOE, PLAINTIFF-APPELLANT,
v.
INTERNAL REVENUE SERVICE AND I.R.S. AGENT H. NOVY, AND
ZANTOP INTERNATIONAL AIRLINES AND ZIA AGENT H.
ZANTOP, DEFENDANTS-APPELLEES.
 NO. 84-1138
 United States Court of Appeals, Sixth Circuit.
 1/11/85
 
 ORDER
 BEFORE: ENGEL, KEITH and JONES, Circuit Judges.
 
 
 1
 This pro se taxpayer appeals from a district court judgment dismissing his complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Seeking injunctive and declaratory relief, plaintiff sued the defendants alleging that they were 'collaborating by distraint' to seize his property without due process of law in violation of the fifth, thirteenth and fourteenth amendments of the constitution. Plaintiff explained that in November of 1983 the defendants totally ignored his withholding exemption certificate which indicated that he was totally exempt from federal income tax withholding and that his employer, upon direction by the I.R.S., began to withhold tax from his wages as if he were single and had claimed one withholding allowance.
 
 
 2
 On appeal from the dismissal of his complaint, plaintiff argues that: 1) the defendants have seized his property by illegal distraint; 2) his wages are not income; 3) he does not have to file a tax return; 4) the anti-injunction statute is illegal; 5) his constitutional rights guaranteed under the fifth, thirteenth and fourteenth have been violated; 6) he is entitled to a refund of all his taxes paid from 1976 to the present as the federal income tax is an illegal direct tax on individuals; and, 7) he had met the criteria to support his request for a preliminary injunction.
 
 
 3
 Upon a careful review of the cause and of the arguments presented by the parties in their briefs, this Court concludes that the district court properly dismissed plaintiff's complaint for the reasons stated by it. The practice of ignoring an unsubstantiated withholding exemption certificate and imposing withholding as if the taxpayer were single claiming one withholding allowance has specifically been upheld as being a proper exercise of the government's power to assess and collect taxes which is not in violation of the federal constitution. See Robinson v. A & M Electric, Inc., 713 F.2d 608 (10th Cir. 1983); Stonecipher v. Bray, 653 F.2d 398 (9th Cir. 1981), cert. denied, 454 U.S. 1145 (1982); United States v. Warinner, 607 F.2d 210 (8th Cir. 1979), cert denied, 454 U.S. 927 (1980). The challenge to this practice in this case is also clearly without substance as the plaintiff argues in support of his various arguments that his wages do not constitute income which can be taxed. This argument, however, is patently without merit. See Perkins v. C.I.R., ---- F.2d ----, slip op. 83-1716 (6th Cir. October 31, 1984); United States v. Richards, 723 F.2d 646 (8th Cir. 1983), and cases cited therein. And so, therefore, is plaintiff's entire case without merit. His income is in excess of $1,000 as his wages are included as income and he is, accordingly, required to file a return pursuant to 26 U.S.C. Sec. 6012. A person's failure to file may even subject oneself to criminal liability under 26 U.S.C. Sec. 7203. United States v. Grumka, 728 F.2d 794 (6th Cir. 1984). Plaintiff's constitutional challenge to the anti-injunction statute, 26 U.S.C. Sec. 7421(a), is also without merit as this law has been expressly upheld and applied by the Supreme Court. See, e.g., Bob Jones University v. Simon, 416 U.S. 725 (1974); Alexander v. American United, Inc., 416 U.S. 752 (1974). This prohibition contained in this act was also properly applied in this case as plaintiff clearly failed to show that an exception applied to his case. Dickens v. United States, 671 F.2d 969, 971 (1982). Finally, all of plaintiff's remaining constitutional arguments, including his claim that the federal income tax is illegal because it is not apportioned among the states thereby rendering it a direct tax, are likewise without merit. See Perkins v. C.I.R., supra, and cases cited therein.
 
 
 4
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.