833 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles L. LAMBERT, Plaintiff-Appellant,
v.
V. NYLAND, Defendant-Appellee.
 No. 86-1519.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1987.
 
 Before MERRITT, KRUPANSKY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se plaintiff appeals the district court's judgment dismissing his complaint and awarding attorney fees. Plaintiff claimed that his constitutional rights were violated when defendant advised his employer to disregard his submitted W-4 form because plaintiff refused to supply verifying information for seventy claimed exemptions.
 
 
 3
 Upon review of the record, we conclude that the district court properly dismissed the complaint. The relief plaintiff sought is barred by the doctrine of sovereign immunity. Plaintiff here is attempting to hold defendant liable for acts done in her official capacity. Additionally, plaintiff wishes to recoup from the public treasury the amount of taxes already withheld. Consequently, although an individual is named as defendant, plaintiff is actually suing the United States. The United States, as sovereign, may not be sued without its consent. See United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Testan, 424 U.S. 392, 399 (1976). Since the United States has not consented to be sued in this situation, subject matter jurisdiction does not exist.
 
 
 4
 Even if the defendant were acting in her individual capacity, the relief sought would still be barred by qualified immunity because plaintiff has not shown that defendant's conduct violated a clearly established statutory or constitutional right. See Mitchell v. Forsyth, 472 U.S. 511, 517 (1985). On the contrary, the practice of ignoring unsubstantiated withholding allowances has repeatedly been upheld as a proper method to assess and collect taxes. See Stonecipher v. Bray, 653 F.2d 398 (9th Cir.1981), cert. denied, 454 U.S. 1145 (1982); United States v. Warinner, 607 F.2d 210 (8th Cir.1979), cert. denied, 445 U.S. 927 (1980). In addition, plaintiff's request for injunctive relief is barred under the Anti-Injunction Act. 26 U.S.C. Sec. 7421(a); Edgar v. Inland Steel Co., 744 F.2d 1276 (7th Cir.1984) (per curiam).
 
 
 5
 Lastly, we conclude that the award of attorney fees was proper because plaintiff had no colorable basis in law for bringing this suit. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975); Schoffner v. Commissioner, 812 F.2d 292 (6th Cir.1987) (per curiam); Reid v. United States, 715 F.2d 1148 (7th Cir.1983).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.