982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Earnest SMITH, Appellant,
v.
Marvin EVANS, Warden, Maximum Security Unit; Robert Perry,
Building Major, Maximum Security Unit, Appellees.
 No. 92-2603.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 15, 1992.
Filed: December 28, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Earnest Smith, an African-American Arkansas inmate, appeals the district court's[1] judgment dismissing his § 1983 action after a jury verdict in favor of defendant prison officials. Smith argues that the jury was unconstitutionally impaneled and that trial counsel was ineffective. We affirm.
 
 
 2
 Smith's complaint alleged that Marvin Evans, Warden of the Arkansas Maximum Security Unit (MSU), and Robert Perry, Building Major of MSU, subjected him to cruel and unusual punishment while he was in punitive isolation by, among other things, maintaining the cells in an unsanitary condition and failing to provide him with an adequate diet. Smith filed a motion to inspect the "jury lists" in which he questioned the constitutionality of the venire because it excluded those not registered to vote. The magistrate judge[2] denied the motion, ruling that the jurors' names would be made available to Smith's appointed counsel. A one-day trial was held in July 1992, the jury returned a general verdict in favor of defendants, and the court entered judgment accordingly.
 
 
 3
 On appeal, Smith argues the jury was unconstitutional because he was not present during all of the voir dire proceedings, the jury was "all white," and he did not waive his right to a twelve-member jury. Smith also argues he was denied effective assistance of counsel at trial. These arguments are without merit.
 
 
 4
 Assuming that parties in a civil action have a right to be present during jury selection-a question we do not address-Smith's claim fails because he has not alleged that anyone prevented his presence, and he has not explained how he was prejudiced. Smith was not constitutionally entitled to have one of his own race serve on his jury, see Batson v. Kentucky, 476 U.S. 79, 85 (1986), and he has failed to allege any facts suggesting that the venire was compiled in an unconstitutional manner. The use of voter registration lists to compile the venire has been consistently upheld in this circuit. See, e.g., United States v. Wilson, 806 F.2d 171, 174 n.3 (8th Cir. 1986); United States v. King, 492 F.2d 895 (8th Cir. 1974). The Constitution does not require a twelve-member civil jury. See Colgrove v. Battin, 413 U.S. 149, 160 (1973) (jury of six members does not violate Seventh Amendment right to jury trial in civil case). Smith has no constitutional right to effective assistance of counsel in a civil case. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988).
 
 
 5
 We have carefully considered all errors alleged by Smith on appeal and conclude they are without merit. Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The HONORABLE JERRY W. CAVANEAU, United States Magistrate Judge for the Eastern District of Arkansas