**UNITED STATES of America and Richard M. Humann, Revenue Agent of the Internal Revenue Service, Appellees,**

v.

**Elton H. SILKMAN, Appellant.**

No. 76–1439.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 20, 1976.

Decided Nov. 3, 1976.

Elton H. Silkman, pro se.

Harold O. Bullis, U. S. Atty., and Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Robert E. Lindsay and Carleton D. Powell, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellees.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

■ Elton H. Silkman, taxpayer, appeals from an order of the District Court directing his compliance with an Internal Revenue summons seeking records necessary to audit his 1973 return and to prepare his 1974 return. The summons in question was issued by an Internal Revenue agent when the taxpayer failed to comply with an investigation seeking to establish his correct tax liabilities. When the taxpayer refused to produce the requested records claiming he was privileged to withhold them under the Constitution, the government petitioned the District Court for judicial enforcement of the summons. It is well settled that an individual may not refuse to submit to questioning on the basis of a general objection or claim of constitutional privilege when summoned to appear before an Internal Revenue agent under 26 U.S.C. § 7602. *United States v. Jones,* 538 F.2d 225 (8th Cir. 1976). An order to show cause was issued pursuant to which a hearing was held. The taxpayer appeared pro se and again raised constitutional objections to enforcement of the summons. At the hearing, counsel for the government stated that no prosecution of the taxpayer would be undertaken if the records were produced. The District Court found that the grant of immunity protected the taxpayer against self-incrimination and ordered production of the documents. We affirm.

■ The taxpayer contends his 1973 and 1974 income tax returns satisfy all constitutional requirements. While the taxpayer's 1973 return was completed in accordance with all applicable rules and regulations, his 1974 return was not. The Form 1040 return filed by the taxpayer in 1974 contained no information from which his tax liability could be calculated; instead, on the form, the taxpayer stated his constitutional objections. The 1974 return was clearly inadequate.

A taxpayer's return which does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code or the regulations adopted by the Commissioner.

*United States v. Porth,* 426 F.2d 519, 523 (10th Cir. 1970); *United States v. Daly,* 481 F.2d 28, 29 (8th Cir.), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973). A taxpayer cannot refuse to disclose any information at all, *United States v. Sulli-*

*van,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927); *Heligman v. United States,* 407 F.2d 448 (8th Cir.), *cert. denied,* 395 U.S. 977, 89 S.Ct. 2129, 23 L.Ed.2d 765 (1969), even though it may be permissible to refuse to disclose the source of the income on Fifth Amendment grounds. *Garner v. United States,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976). "It is well established that the [Fifth Amendment] privilege protects against real dangers, not remote and speculative possibilities." *Zicarelli v. Investigation Commission,* 406 U.S. 472, 478, 92 S.Ct. 1670, 1675, 32 L.Ed.2d 234 (1972) (footnote omitted).

In this case, the government's counsel represented that the taxpayer would not be prosecuted if the records were produced. Judge VanSickle stated, "I will not allow you to be prosecuted on a criminal matter arising out of the accurate, as far as possible, production of information upon which would be based a 1973 and 1974 income tax return," and referred the taxpayer to 18 U.S.C. § 6002. The immunity statutes, 18 U.S.C. §§ 6001 to 6005, are not self-executing. *United States v. Seavers,* 472 F.2d 607 (6th Cir. 1973). It is clear from the record that an order in substantial compliance with the immunity provision, 18 U.S.C. § 6002, was given.[1] In *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), the Supreme Court concluded that:

> the immunity provided by 18 U.S.C. § 6002 leaves the witness and the prosecutorial authorities in substantially the same position as if the witness had claimed the Fifth Amendment privilege. The immunity therefore is coextensive with the privilege and suffices to supplant it.

*Id.* at 462, 92 S.Ct. at 1666.

Thus, the taxpayer cannot properly refuse to produce the records on Fifth Amendment grounds because they will not be used against him.

The taxpayer also contends that the selection of his tax returns for an audit was discriminatory. This claim is without merit because the Internal Revenue Service is under a statutory mandate to investigate whenever it appears that an individual may be liable to pay an income tax. 26 U.S.C. § 7601.

The taxpayer's claims with respect to the Fourth and Ninth Amendments are also without merit. The summons in question is not a general warrant prohibited by the Fourth Amendment, but instead only seeks those records needed to establish his tax liabilities for 1973 and 1974. *See United States v. Giordano,* 419 F.2d 564 (8th Cir. 1969), *cert. denied,* 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970). It has long been settled that the enforcement of a validly drawn Internal Revenue summons does not violate the Fourth Amendment. *Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). There is no authority supporting the taxpayer's contention that the Fourth and Ninth Amendments, when read together, create a penumbra of unwritten rights to privacy that are violated by judicial enforcement of this summons.

Finally, we find no merit in the taxpayer's contention that he is not an individual required to pay taxes because he is engaged in the common law occupations of farming and ranching. The Sixteenth Amendment broadly grants Congress the power to collect an income tax regardless of the source of the taxpayer's income.

---

1. The District Court appears to have considered the representation that no prosecution would be undertaken if the records were produced, as a request for immunity. Such requests may be made under 18 U.S.C. § 6003(b) by any designated Assistant Attorney General.

The Assistant Attorney General in charge of the Tax Division is such a designated individual. 28 C.F.R. § 0.175(b). It is not clear from the record whether this procedure was followed here.