UNITED STATES of America, Appellee,

v.

Arthur H. RUSSELL, Appellant.

No. 78–1267.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1978.

Decided Oct. 18, 1978.

Arthur H. Russell, pro se.

W. H. Dillahunty, U. S. Atty., and Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., filed brief for appellee.

Before LAY, BRIGHT, and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

Arthur H. Russell appeals from his conviction on two counts of failing to file federal income tax returns, in violation of 26 U.S.C. § 7203 (1976).[1] After considering numerous arguments raised on appeal, we affirm.

The evidence at trial showed that Russell, a sixty-six-year-old businessman in Mountain Home, Arkansas, did not file timely income tax returns for the years 1973 and 1974. His gross income was $23,761.53 for 1973 and $30,295.09 for 1974. In April 1976, soon after an agent of the Internal Revenue Service visited him to inquire about his failure to file for 1973 and 1974, he filed returns for those years. In place of any information about his income, however, Russell stamped in about a dozen places, "OBJECT, 5TH AMEND. U.S.C." Aside from these objections, the returns contained only his name, address, occupation, Social Security number, and exemptions.

On appeal Russell contends that the fifth amendment privilege against self-incrimination protects him from answering all income-related questions. The fifth amendment privilege, however, does not encompass the complete refusal to disclose any information relating to income. *United States v. Silkman*, 543 F.2d 1218, 1219–20 (8th Cir. 1976), *cert. denied*, 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977). Such a blanket objection constitutes a failure to file the returns. *Id.* at 1219; *United States v. Daly*, 481 F.2d 28, 30 (8th Cir.), *cert. denied*, 414 U.S. 1064; 94 S.Ct. 571, 38 L.Ed.2d 469 (1973).

Russell also claims that the district court erred in denying his motion to dismiss the information on the ground that the Government had not proceeded by indictment. The fifth amendment requires indictment by a grand jury before one must stand trial for a "capital, or otherwise infamous crime." A crime punishable by no more than one-year imprisonment is not an "infamous crime," and a defendant may be prosecuted for such a crime by information. *Green v. United States*, 356 U.S. 165, 183, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958); Fed.R. Crim.P. 7(a). Because violation of 26 U.S.C. § 7203 is a misdemeanor punishable by imprisonment not to exceed one year, Russell had no right to be prosecuted by indictment. That his possible sentence may have been greater than one year because he was charged with two counts does not convert the offenses into crimes chargeable only by indictment. *See United States v. Funk*, 412 F.2d 452, 456 (8th Cir. 1969).

Regarding Russell's contention that 26 U.S.C. § 7203 is unconstitutionally vague, this court agrees with the First Circuit that section 7203 is sufficiently clear to withstand such an attack. *United States v. Lachmann*, 469 F.2d 1043, 1046 (1st Cir. 1972), *cert. denied*, 411 U.S. 931, 93 S.Ct. 1897, 36 L.Ed.2d 390 (1973). In addition, Russell's constitutional challenge of the entire tax law, *i. e.*, earnings from the exercise of his "common law right to work" cannot be taxed under the sixteenth amendment, also fails, because "[t]he Sixteenth Amendment broadly grants Congress the power to collect an income tax regardless of the source of the taxpayer's income." *United States v. Silkman, supra*, 543 F.2d at 1220.

Russell argues that there was insufficient evidence to convict him. Claiming to have acted in good faith, he relies on the Supreme Court's statement in *Garner v. United States*, 424 U.S. 648, 663 n.18, 96 S.Ct. 1178, 1187, 47 L.Ed.2d 370 (1976), that "a defendant could not properly be convicted for an erroneous claim of privilege asserted in good faith." At trial, the jury received proper instructions with regard to Russell's good faith defense and nevertheless convicted him. Viewing the evidence in the light most favorable to the Govern-

---

1. The Honorable Oren Harris, United States Senior District Judge for the Eastern District of Arkansas, presiding.

ment, *Hamling v. United States*, 418 U.S. 87, 124, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), we find ample evidence to support the jury's verdict.

 Russell also challenges the legality of his sentence of thirty days' imprisonment on count one and a suspended sentence with three years' probation on count two. Because the thirty days' imprisonment on one count is well within the statutory maximum of one year, we will not disturb it. *United States v. Hunley*, 567 F.2d 822, 824 n.1 (8th Cir. 1977). We observe that the suspended sentence of three years' imprisonment for the count two violation of 26 U.S.C. § 7203 exceeds the statutory maximum of one-year imprisonment permissible under that statute. However, the district court committed no prejudicial error for it suspended this sentence and placed Russell on three years' probation.[2] In any event, should probation be revoked, Russell may not be imprisoned for more than the one-year maximum.

 Finally, Russell presents several additional arguments not raised before the district court. These arguments will not be considered for the first time on appeal. *United States v. Librach*, 536 F.2d 1228, 1231 (8th Cir.), *cert. denied*, 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976).

Accordingly, we affirm the judgment of conviction.

---

2. The district court suspended sentence pursuant to 18 U.S.C. § 3651 (1976), which reads, in pertinent part:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

\*     \*     \*     \*     \*     \*

The period of probation, together with any extension thereof, shall not exceed five years.