UNITED STATES of America, Appellee,

v.

Alfred VASQUEZ, Defendant-Appellant.

No. 594, Docket 80–1165.

United States Court of Appeals,
Second Circuit.

Argued Jan. 18, 1982.

Decided Jan. 21, 1982 *.

Opinion March 18, 1982.

Daniel H. Murphy, II, Pelham Manor, N. Y., for defendant-appellant.

Daniel H. Bookin, Asst. U. S. Atty., New York City (John S. Martin, Jr., U. S. Atty., S. D. N. Y., Stuart J. Baskin, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before FEINBERG, Chief Judge, and MANSFIELD and KEARSE, Circuit Judges.

PER CURIAM:

Alfred Vasquez appeals from a judgment of the Southern District of New York entered on January 11, 1980, convicting him, upon his plea of guilty, of one count of conspiracy to steal and embezzle checks from the mails, 18 U.S.C. § 371, 83 counts of embezzling mail, 18 U.S.C. § 1709, and one count of making false declarations before a grand jury, 18 U.S.C. § 1623. In pleading guilty Vasquez preserved his right to appeal the denial of his motion to suppress a tape recording of a conversation he had with a government informant on the ground that it was made in violation of his Sixth Amendment right to counsel.

■ There is no merit to Vasquez's argument that the tape recording was made in violation of his Sixth Amendment right

---

* This appeal was originally heard on January 18, 1982, and was decided by order dated January 21, 1982. Such a summary disposition has no precedential value under our Local Rule § 0.23. Counsel for appellee, however, has requested

that the January 21 order be published, so that it can be relied upon in other similar cases. Accordingly, we have decided to repeat the substance of our January 21 order in this opinion, which will be published.

to counsel. While the government's investigation of Vasquez may have commenced when he was called before the grand jury for the first time, the fact that a person is the subject of an investigation is not enough to trigger his Sixth Amendment right to counsel. See *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *United States v. Duvall*, 537 F.2d 15 (2d Cir.), *cert. denied*, 426 U.S. 950, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976). For a Sixth Amendment right to counsel to attach, adversarial proceedings must have commenced against an individual, "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Brewer v. Williams*, 430 U.S. 387, 398, 97 S.Ct. 1232, 1239, 51 L.Ed.2d 424 (1977). Vasquez's argument is that adversarial proceedings against him commenced when he was called as a witness before a grand jury in September of 1978. That he was subpoenaed to testify as a grand jury witness, however, did not subject him to adversarial proceedings. We find unpersuasive Vasquez's attempt to rely upon decisions of the New York state courts in light of these controlling precedents.

Nor do we find merit in Vasquez's argument that, because he had at his own request been represented by counsel when he testified before the grand jury and prior to the time of the recording, Disciplinary Rule 7–104(A)(1) of the Code of Professional Responsibility was violated, entitling him to invoke the Sixth Amendment. Such a principle would simply enable criminal suspects, by retaining counsel, to hamper the government's conduct of legitimate investigations. Even assuming this provision of the Code to be applicable to a criminal investigation, which is doubtful, it was not intended to lead to such a result. Moreover, the district court found that at the time of the recording Vasquez was not represented by counsel, and we have been presented with no evidence suggesting that this finding was in any way erroneous.

We have considered Vasquez's other arguments and find them to be without merit. The judgment of the district court is affirmed.