**Norman D. JONES and Nancy M. Jones, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 82–CV–696.**

United States District Court, N.D. New York.

Nov. 29, 1982.

Norman D. Jones and Nancy M. Jones, plaintiffs pro se.

U.S. Dept. of Justice, Tax Division, Washington, D.C., Louis J. Lombardo, Trial Atty., Washington, D.C., of counsel, Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., for defendant; George A. Yanthis, Asst. U.S. Atty., Albany, N.Y., of counsel.

MUNSON, Chief Judge.

### ORDER

Plaintiffs Norman D. Jones and Nancy M. Jones commenced this action against the

United States to recover $11,778.32 in income taxes paid for the years 1977 through 1980. In plaintiffs' view, these taxes were "erroneously and illegally assessed and collected." The Internal Revenue Service has disallowed plaintiffs' claims for refunds for these years. Accordingly, plaintiffs are properly before this Court pursuant to 26 U.S.C. § 7422 (1976).

Presently before the Court is a motion by the United States for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. It is well settled that on a motion to dismiss for failure to state a claim upon which relief can be granted, all doubts as to the validity of the claim are to be resolved against the moving party. In addition, the motion to dismiss for failure to state a claim should not be granted unless "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). For the reasons that follow, the Court finds that plaintiffs' claims are absolutely frivolous and devoid of merit and, therefore, the Court grants defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

Section 61(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 61(a) (1976) provides that gross income means "all income from whatever source derived...." This provision has been frequently described as an attempt by Congress to exert "the full measure of its taxing power." *Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426, 429, 75 S.Ct. 473, 475, 99 L.Ed. 483 (1955) (citing *Helvering v. Clifford,* 309 U.S. 331, 334, 60 S.Ct. 554, 556, 84 L.Ed. 788 (1940); *Helvering v. Midland Mutual Life Ins. Co.,* 300 U.S. 216, 223, 57 S.Ct. 423, 425, 81 L.Ed. 612 (1937); *Douglas v. Willcuts,* 296 U.S. 1, 9, 56 S.Ct. 59, 62, 80 L.Ed. 3 (1935); *Irwin v. Gavit,* 268 U.S. 161, 166, 45 S.Ct. 475, 476, 69 L.Ed. 897 (1925)). Moreover, the Court in *Glenshaw Glass* reiterated the broad construction given to this language by recognizing the intent of Congress to "tax all gains except those specifically

exempted." 348 U.S. at 430, 75 S.Ct. at 476 (citing *Commissioner v. Jacobson,* 336 U.S. 28, 49, 69 S.Ct. 358, 369, 93 L.Ed. 477 (1949); *Helvering v. Stockholms Enskilda Bank,* 293 U.S. 84, 87–91, 55 S.Ct. 50, 51–53, 79 L.Ed. 211 (1934)). Thus, unless Congress has specifically exempted a form of gain or benefit from taxation, the taxpayer is subject to the payment of income tax under the provisions of the Internal Revenue Code.

In the case at bar, plaintiffs argue that the taxes they paid for the years 1977 through 1980 represent an illegal tax on their gains attributable to compensation for services. In plaintiffs' view, compensation for services or wages is *not* income within the meaning of the Internal Revenue Code. Plaintiffs' argument is twofold. First, they argue that wages have not specifically been designated as income in the Internal Revenue Code. Second, plaintiffs argue that the taxation of wages violates the constitutional prohibition against direct taxes without apportionment among the several states. U.S. Const. art. I, § 2, cl. 3. Plaintiffs argue that if such a tax were constitutional, then some court in the United States would have so ruled. These arguments are completely meritless.

As noted above, all forms of gain are subject to taxation unless exempted by Congress. Needless to say, wages have not been exempted and section 61(a) specifically provides that compensation for services is includable in gross income. Thus, from the plain language of section 61(a), plaintiffs' arguments fall short.

Similarly, plaintiffs' argument that a tax on wages is unconstitutional is rejected. There can be no doubt that such a tax is constitutional. *See, e.g., Commissioner v. Glenshaw Glass Co.,* 348 U.S. at 429–33, 75 S.Ct. at 475–77. Moreover, every court that has ruled on similar issues has come to the same conclusion. For example, some claims in the tax protest context state a person cannot be taxed on wages because he has a "God-given right to work" or is engaged in the "common law" occupations of ranching and farming. *See, e.g., United States v. Russell,* 585 F.2d 368 (8th Cir.1978); *United*

States v. Silkman, 543 F.2d 1218 (8th Cir. 1976), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977). Another increasingly popular claim is that a person does not owe any tax because the Federal Reserve Notes he possesses are worthless. *See, e.g., United States v. Moore,* 627 F.2d 830 (7th Cir.1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981); *United States v. Edelson,* 604 F.2d 232 (3d Cir. 1979). These claims have been repeatedly rejected by every court to hear them.

■ Finally, plaintiffs are incorrect in their assertion that no court has held that wages may be included in gross income. To the contrary, this precise issue has been resolved against the plaintiffs in numerous reported decisions. *E.g., United States v. Lawson,* 670 F.2d 923 (10th Cir.1982); *United States v. Buras,* 633 F.2d 1356 (9th Cir. 1981); *Broughton v. United States,* 632 F.2d 706 (8th Cir.1980), *cert. denied,* 450 U.S. 930, 101 S.Ct. 1390, 67 L.Ed.2d 363 (1981); *United States v. Moore,* 627 F.2d 830; *United States v. Francisco,* 614 F.2d 617 (8th Cir.), *cert. denied,* 446 U.S. 922, 100 S.Ct. 1861, 64 L.Ed.2d 278 (1980); *United States v. Edelson,* 604 F.2d 232; *United States v. Russell,* 585 F.2d 368; *United States v. Silkman,* 543 F.2d 1218; *United States v. Daly,* 481 F.2d 28 (8th Cir.1973); *United States v. Porth,* 426 F.2d 519 (10th Cir.), *cert. denied,* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970). Therefore, because plaintiffs' claims are frivolous and plaintiffs can prove no set of facts in support of their claim that would entitle them to relief, it is hereby

ORDERED, that defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted.