UNITED STATES of America

v.

Douglas C. VENATOR, Defendant.

No. 83–CR–34.

United States District Court,
N.D. New York.

May 24, 1983.

Frederick J. Scullin, Jr., U.S. Atty., N.D. N.Y., Syracuse, N.Y., for U.S.; Paula Ryan Conan, Asst. U.S. Atty., Syracuse, N.Y., of counsel.

Frank Policelli, Utica, N.Y., for defendant.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

Defendant Douglas C. Venator has been charged in a five count indictment dated April 5, 1983 with willfully and knowingly failing to file a federal income tax return for each of the years 1976, 1977, 1978, 1979, and 1980, in violation of Section 7203 of Title 26 of the United States Code. Presently before the Court is a motion by defendant to suppress certain statements made to the Criminal Investigation Division of the Internal Revenue Service [IRS] on March 17, 1982, and to dismiss the charges against him on constitutional and jurisdictional grounds. Also before the Court is the Government's cross-motion for reconsideration and vacation of the grant of appointed counsel to the defendant, or in the alternative, disclosure to the Government of all information regarding defendant's financial status. Upon careful consideration of the memoranda of law, affidavits, and oral arguments presented by both sides, the Court denies in full the motions made by the defendant and denies in part and grants in part the motion made by the Government.

## I. DEFENDANT'S MOTIONS

### Suppression

Defendant argues for suppression of his March 17, 1982 statements on two grounds. First defendant argues that the March 17, 1982 meeting took place in a "custodial setting" which should have triggered full *Miranda* warnings, including an instruction

that defendant would be provided with appointed counsel if he could not afford to retain counsel. Second defendants argue that the telephone calls by special agents to his home "had a coercive purpose aimed at making the defendant succumb to the questioning of the criminal investigation to obtain evidence to be used against the defendant," and that the defendant's appearance and resulting statements were not made voluntarily.

The facts show that Special Agent Van Shufflin and Venator exchanged two letters and three telephone calls over a nine month period. Venator was sent a letter on June 19, 1981 in which he was asked to come into the IRS office and was informed that the appearance and any submission of documents would be voluntary. The IRS received no response to the June 19, 1981 letter. Special Agent Van Shufflin then called the defendant on October 27, 1981 and the two arranged a meeting to be held on November 2, 1981 at the IRS office. On November 2, 1981, a woman called and informed the IRS agents that Venator would not be able to keep the appointment. Another letter was sent to the defendant requesting his appearance, and informing him that any appearance or submission of documents could not be compelled by the Government. On March 17, 1982, Special Agent Van Shufflin telephoned Venator, and they arranged a meeting to take place later that morning.

The March 17, 1982 meeting was held at the IRS Criminal Investigation Division's office in Utica, New York. The meeting began at 10:50 a.m. and ended at 12:30 p.m. At the beginning of the meeting the IRS special agents introduced themselves to the defendant, and informed him that they had been assigned by the IRS to investigate his federal income tax liability for the years 1976 through 1980. Special Agent Van Shufflin then read to the defendant the following statement:

As a special agent, one of my functions is to investigate the possibility of criminal violations of the Internal Revenue laws, and related offenses.

In connection with my investigation of your 1976, 1977, 1978, 1979, and 1980 Federal tax liabilities, I would like to ask you some questions. However, first I advise you that under the 5th Amendment to the Constitution of the United States I cannot compel you to answer any questions or to submit any information if such answers or information might tend to incriminate you in any way. I also advise you that anything which you say and any documents which you submit may be used against you in any criminal proceedings which may be undertaken. I advise you further that you may, if you wish, seek the assistance of an attorney before responding.

██ On March 17, 1982, defendant was not in custody or otherwise deprived of his freedom in any significant way, and, thus, the dictates of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) are inapplicable. Defendant had not been arrested or detained in any way on that date, his appearance at the IRS office in Utica was by mutual arrangement, and there is no allegation nor any evidence that he was restrained or coerced into remaining at the office. *Oregon v. Mathiason,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977) (suspect who voluntarily appeared at station in response to telephone request was not in "custody" or otherwise deprived of his freedom of action in any significant way and, thus, *Miranda* did not apply). The mere focusing of an investigation on a taxpayer does not require that he be given full *Miranda* warnings. *Beckwith v. United States,* 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976). The warnings given in the present case were, therefore, sufficient, *id.,* and defendant's fifth amendment claim is denied.

██ "[A]ny criminal trial use against a defendant of his *involuntary* statement is a denial of due process of law ...." *Mincey v. Arizona,* 437 U.S. 385, 398, 98 S.Ct. 2408, 2416, 57 L.Ed.2d 290 (1977). Looking at the totality of the circumstances surrounding the March 17, 1982 statements, *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), it is also clear that

the statements were made "voluntarily," and with no coercion from the IRS agents present at the time, *Lynumn v. Illinois,* 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963). In determining voluntariness, the issue is whether the defendant's will was overborne at the time the statements were made. *Id.* Factors to be considered in this determination are the type and duration of the questioning, *Haynes v. Washington,* 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963), the defendant's age, *Haley v. Ohio,* 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1947), the defendant's mental competency, *Blackburn v. Alabama,* 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1961), the police practices, *Brown v. Mississippi,* 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682 (1936) (torture), *Rogers v. Richmond,* 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961) (trickery), and the defendant's mental state, *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) (drugs).

■ In the instant case, defendant's assertion that the two letters and three telephone calls over a nine month period wore down his will and coerced him to appear and to make the incriminating statements is without merit. Defendant admits and it is clear from the record that each letter and telephone call included specific notice to the defendant that the IRS could not compel him to appear or to submit documents and that any decision on his part to do so would be strictly voluntary. Furthermore, it is clear that the hour and 40 minute meeting on March 17, 1982 was not coercive in any way. Defendant was well informed again at that time that his appearance and any statements he might make were purely on a voluntary basis. Defendant is an adult, and he does not allege, nor is there any evidence of, any mental or physical disability on his part. Defendant does not allege, nor is there any evidence, that defendant was in any way tortured or tricked or restrained from leaving the meeting at any time if he desired to do so. Indeed, the record is clear that defendant came into the office voluntarily at a time convenient to him and that he was in no way coerced into remaining or making any statements. The March 17, 1982 statements were a product of an "essentially free and unconstrained choice" by defendant, *Schneckloth v. Bustamonte,* 412 U.S. at 225, 93 S.Ct. at 2046, and are, therefore admissible.

"[T]he fact that a person is the subject of an investigation is not enough to trigger his Sixth Amendment right to counsel." *United States v. Vasquez,* 675 F.2d 16, 17 (2d Cir.1982) (citing *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972)). "For a Sixth Amendment right to counsel to attach, adversarial proceedings must have commenced against an individual, 'whether by way of formal charge, preliminary hearing, indictment, information or arraignment.'" *United States v. Vasquez,* 675 F.2d at 17 (quoting *Brewer v. Williams,* 430 U.S. 387, 398, 97 S.Ct. 1232, 1239, 51 L.Ed.2d 424 (1977)). Here, even though the IRS had focused its investigation on the defendant, no "adversarial proceedings" had been initiated against him on March 17, 1982, and, therefore, no Sixth Amendment right to counsel had attached at the time defendant made his statements.

*Constitutional and Jurisdictional Issues*

■ Defendant argues that compensation for services or "wages" is not income and that the current income tax on wages is contrary to the Sixteenth Amendment. Defendant's argument is wholly without merit, and the same argument has been rejected by this Court and numerous others. *Jones v. United States,* 551 F.Supp. 578 (N.D.N.Y.1982).

Section 61(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 61(a) (1976) provides that gross income means "all income from whatever source derived ...." This provision has been frequently described as an attempt by Congress to exert "the full measure of its taxing power." *Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426, 429 [75 S.Ct. 473, 475, 99 L.Ed. 483] (1955) (additional citations omitted). Moreover, the Court in *Glenshaw Glass* reiterated the broad construction given to this language by recognizing the intent of Congress to "tax all

gains except those specifically exempted." (Citations omitted). Thus, unless Congress has specifically exempted a form of gain or benefit from taxation, the taxpayer is subject to the payment of income tax under the provisions of the Internal Revenue Code .... [W]ages have not been exempted and section 61(a) specifically provides that compensation for services is includable in gross income. *Jones v. United States,* 551 F.Supp. at 579. Defendant's motion to dismiss the indictment as contrary to the Sixteenth Amendment is denied.

■ Defendant next argues that the district court lacks subject matter jurisdiction to try him for violations of the federal tax laws. While the federal courts are courts of limited jurisdiction, 18 U.S.C. § 3231 provides that district courts "have original jurisdiction ... over all offenses against the laws of the United States," and it has been specifically held that this jurisdiction encompasses cases under the Internal Revenue Code and the specific section under which this defendant is charged, 26 U.S.C. § 7203 (1976). *United States v. Spurgeon,* 671 F.2d 1198, 1199 (8th Cir.1982); *United States v. McCarty,* 665 F.2d 596 (5th Cir.), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2273, 73 L.Ed.2d 1287 (1982). *See also United States v. Kraeger,* No. 81–CR–17 (N.D.N.Y., July 30, 1982), *aff'd,* No. 82–1345 (2d Cir. April 6, 1983); *United States v. Hanlon,* No. 82–CR–37 (N.D.N.Y. July 15, 1982), *aff'd,* No. 82–1345 (2d Cir. April 6, 1983).

■ Defendant's final argument is that the filing of an IRS tax form compels self-incrimination in violation of the Fifth Amendment. It is well-established that the mere requirement that a taxpayer file a federal income tax form does not violate the Fifth Amendment right against self-incrimination. *United States v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1926); *United States v. Schiff,* 612 F.2d 73, 83 (2d Cir.1979); *United States v. Johnson,* 577 F.2d 1304, 1310 (5th Cir.1978). "Only those [taxpayers] who assert as to each particular question that the answer to that question would tend to incriminate them are protected." *United States v. Schiff,* 612 F.2d at 83. A taxpayer may not make a blanket claim of privilege as to the amount of his income and may not entirely refuse to file on such grounds. *United States v. Johnson,* 577 F.2d at 1310.

## II.  THE GOVERNMENT'S MOTION

■ On April 13, 1983, the Honorable Neal P. McCurn, United States District Court Judge for the Northern District of New York, granted appointed counsel to the defendant under the Criminal Justice Act [CJA], 18 U.S.C. § 3006A. At that time, Judge McCurn sealed the CJA financial affidavit and other information submitted by the defendant in support of his request for appointed counsel. The Government now seeks this Court's reconsideration of the grant of appointed counsel or, in the alternative, disclosure of the sealed financial information. The Government asserts that defendant had a gross income of $32,-000.00 in 1982, no outstanding mortgages or large debts, and no major medical or other large expenses.

In the interests of justice and in light of the other remedies available to the Government, *see United States v. Harris,* 707 F.2d 653 (2d Cir.1983), the Court declines to reconsider defendant's eligibility for appointed counsel. The trial of this matter has been set for May 26, 1983. The Court finds that it is in the interests of justice to proceed to the trial on the merits of the Government's case against the defendant. The defendant has established a relationship with appointed counsel which this Court declines to disturb as the date of trial quickly approaches. However, the Court will order the unsealing of defendant's CJA affidavit and other financial information at the close of trial to allow the Government to evaluate the necessity and wisdom of pursuing a recoupment proceeding under 18 U.S.C. § 3006A(f) or a perjury prosecution against defendant if it is determined that he has obtained appointed counsel through untruthful financial affidavits. *United States v. Harris, id.* at 663. While each of these remedies may place a greater burden

on the Government, this Court finds that the interests in a speedy and just disposition of this criminal matter counsels against redetermination of defendant's eligibility without defendant's consent at this time.

## III. CONCLUSION

For the foregoing reasons, the defendant's motion is denied in full and the Government's motion is denied in part and granted in part as stated herein. This matter is hereby ordered to trial on May 26, 1983 at 10:00 a.m. in Syracuse, New York.

It is so Ordered.