755 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEORGE T. DORSET AND PATRICIA A. DORSET, PETITIONERS-APPELLANTS,
v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT-APPELLEE.
 NO. 84-1582
 United States Court of Appeals, Sixth Circuit.
 1/11/85
 
 ORDER
 BEFORE: KEITH and JONES, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon the appellants' motion for reconsideration of an order denying their motion for stay pending appeal entered October 10, 1984. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After careful examination of the record, the appellants' brief and the motion for reconsideration, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The appellants are appealing the judgment of the Tax Court which sustained an Internal Revenue Service Tax Deficiency Notice of $5,896.00 and imposed a $4,000 penalty pursuant to 26 U.S.C Sec. 6673. On appeal, the appellants contend that the Tax Court erred in holding that their wages are subject to income tax and contend that the Tax Court's ruling is unconstitutional as it is a bill of attainder.
 
 
 3
 This case concerns the taxable year of 1982 when the appellants filed a joint income tax return which indicated that they had no income from wages. They sent a letter to the Internal Revenue Service, along with the tax return, which requested a total refund of money withheld throughout the year. They contend that they are ordinary wage earners and money received in exchange of their labor is not a taxable gain under the Sixteenth Amendment. This is a clearly frivolous argument as many cases hold that wages are taxable. Perkins v. C.I.R., Case #83-1716 (6th Cir. Slip Op. October 31, 1984); Funk v. C.I.R., 687 F.2d 264 (8th Cir. 1982). The broad grant of power implicit in the Sixteenth Amendment to the Constitution allows Congress power to collect income tax regardless of the source of the taxpayers' income. United States v. Silkman, 543 F.2d 1218 (8th Cir. 1976). Consequently, the Tax Court did not err in sustaining the Internal Revenue Deficiency Notice.
 
 
 4
 The next contention that the Tax Court's judgment is unconstitutional as a bill of attainder is also frivolous. The validity of the Tax Court, as a viable way to litigate a tax deficiency, has been long recognized by the United States Supreme Court. Flora v. United States, 362 U.S. 145 (1960).
 
 
 5
 Accordingly, because it is clear the appellants' arguments are frivolous, the motion for reconsideration of the order entered October 10, 1984 is denied and the judgment of the Tax Court is affirmed pursuant to Rule 9(d)(2), Rules of the Sixth Circuit.