CAMERON D. HALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hall v. Commissioner
Docket No. 33888-87
United States Tax Court
T.C. Memo 1989-502; 1989 Tax Ct. Memo LEXIS 505; 58 T.C.M. (CCH) 140; T.C.M. (RIA) 89502; September 13, 1989
Cameron D. Hall, pro se. Sara J. Barkley, for the respondent. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: By notice of deficiency dated June 26, 1987, respondent determined deficiencies in income tax and additions to tax pursuant to sections 6653(b)[1] and 6654 as follows: Year
Income Tax
Sec. 6653(b)
Sec. 6654
12/31/72
$ 2,191.59
$ 1,095.80
--
12/31/73
3,465.94
1,732.97
$ 110.90
12/31/74
3,485.13
1,742.57
111.53
12/31/75
3,689.90
1,844.95
159.16
12/31/76
4,697.70
2,348.85
175.37
12/31/77
6,983.81
3,491.90
248.25
*507 The primary issues for decision are: (1) Whether the statute of limitations bars assessment of tax for these years. We hold it does not because petitioner has not filed returns for those years. (2) Whether petitioner committed fraud in connection with the tax years now before the Court. Petitioner filed no Forms 1040 for 1973 through 1977 and a purported Form 1040 disclosing defiance of the tax system for 1972. Petitioner submitted false withholding exemption forms to his employer each year from 1972 through 1977. We hold that petitioner committed fraud in all years now before the Court. Zell v. Commissioner, 763 F.2d 1139 (10th Cir. 1985), affg. a Memorandum Opinion of this Court. FINDINGS OF FACT Some of the facts have been stipulated and are so found. During the tax years at issue (1972-1977) petitioner lived in Denver, Colorado and vicinity. When the petition was filed on September 21, 1987, he lived in Riverton, Wyoming. Petitioner filed Federal income tax returns for tax year 1970 on February 17, 1971, and for tax year 1971 on February 29, 1972. [2]
*508 Petitioner submitted to his employer a Form W-4E, Exemption From Withholding, dated November 15, 1972. That form allows an employee to certify that he anticipates incurring no liability for Federal income tax for that tax year. Section 3402(f)(2)(A). The following words were typed on the Form W-4E to support petitioner's certification of no tax liability: under the Laws of the Land and the United States Constitution, Art. 1, Section 8 and 10, and amend's V, IX, & X; impliedly, this form conforms and is under the U.S. Constitution. Petitioner also filed a Form 843, Claim for Tax Refund, for 1972. Petitioner checked a box indicating that the claim was for "refund of tax illegally, erroneously or excessively collected." Petitioner typed eight reasons on the form for why a refund was due to him. Following are some of the reasons given: 1 -- The taxes paid have been collected illegally. The Internal Revenue Code (Title 26, United States Code) is in its entirety, in violation of the U.S. Constitution, specifically Articles IV, V, XIII, Ad Infinitum, and is therefore Ultra Vires unlawful *509 and of no legal effect * * *.
* * *
4 -- Income tax monies are used by the federal government to pay for the following illegal acts because We, the People, did not delegate these powers to the federal government: a) Pay expenses of undeclared 'war'. b) Give away our tax monies to foreign persons and/or govt. c) Give away our tax monies to domestic persons, firms and/or corporations. 5 -- Using our tax monies to pay for abortions, the killing of fellow human beings, on military grounds. * * * The Internal Revenue Service returned the Form 843 to petitioner, indicating that the IRS had no record of a 1972 tax return filed by petitioner. Petitioner sent a Form 1040 for tax year 1972 to the IRS. It gave petitioner's name and address, but contained no dollar amounts or other information to determine liability. Petitioner wrote the following in bold letters across page 1 of the Form 1040: UNDER PROTEST I PLEAD THE FOURTH AND FIFTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. SIGNED: CAMERON D. HALL. Petitioner signed above his name. Petitioner submitted Forms W-4E, Exemption From Withholding, to his employer for tax years 1973-1977 dated April 30 of each *510 year. As with the 1972 Form W-4E, the following words were typed on each form: under the Laws of the Land and the United States Constitution, Art. 1, Section 8 and 10, and amend's V, IX, & X; impliedly, this form conforms and is under the U.S. Constitution. Petitioner has never filed tax returns for taxable years 1973-1977. On March 13, 1981, petitioner was convicted of willful failure to file income tax returns in violation of section 7203 for the years 1973, 1974, and 1975. He was sentenced to imprisonment for a term of 1 year. Petitioner had gross income from wages ranging from $ 16,100 to $ 24,000 per year for tax years 1973 through 1977. OPINION The Statute of Limitations
The first issue for decision is whether the statute of limitations bars assessment of tax for 1972-1977. Petitioner has never filed income tax returns for taxable years 1973, 1974, 1975, 1976, and 1977. Section 6501(c)(3) provides that "in the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time. *511 " Accordingly, we find that the statute of limitations does not bar assessment of tax for years 1973 through 1977. Petitioner filed a purported Form 1040 for taxable year 1972. The form included petitioner's name and address and tax protester-type language written boldly across the form. Petitioner did not include dollar amounts or any other information needed to determine tax liability. A purported return that contains no information as to gross income and deductions or credits sufficient to allow respondent to calculate petitioner's Federal income tax liability is not a return within the meaning of the Internal Revenue Code. United States v. Silkman, 543 F.2d 1218, 1219 (8th Cir. 1976), cert. denied 431 U.S. 919 (1977); United States v. Porth, 426 F.2d 519 (10th Cir. 1977). In Beard v. Commissioner, 82 T.C. 766 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986), this Court adopted a four-prong test for determining whether a document is sufficient to constitute a return. We stated -- First, there must *512 be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury. 82 T.C. at 777. In the instant case, petitioner failed to satisfy at least the first and third of these requirements. Therefore, we conclude that petitioner did not file a return for 1972 for purposes of section 6501(c)(3), and that tax may be assessed for that year. Fraud
The second issue for decision is whether petitioner committed fraud in the years before the Court. The existence of fraud is a question of fact to be determined from the entire record. Grosshandler v. Commissioner, 75 T.C. 1 (1980); Stratton v. Commissioner, 54 T.C. 255 (1970). The burden of proof for determining fraud is on respondent, and it must be met by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Fraud is never presumed; rather, it must be established by affirmative *513 evidence. Beaver v. Commissioner, 55 T.C. 85 (1970). Fraud, however, may be inferred by any conduct, the effect of which would be to mislead or conceal, Spies v. United States, 317 U.S. 492, 499 (1943); or where an entire course of conduct establishes the necessary intent. Rowlee v. Commissioner, 80 T.C. 1111 (1983); Stone v. Commissioner, 56 T.C. 213 (1971). For purposes of section 6653(b), fraud means "actual, intentional wrongdoing," Mitchell v. Commissioner, 118 F.2d 308 (5th Cir. 1941), [3] or the intentional commission of an act or acts for the specific purpose of evading a tax believed to be owing. Webb v. Commissioner, 394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; [4]McGee v. Commissioner, 61 T.C. 249 (1973), affd. 519 F.2d 1121 (5th Cir. 1975), cert. denied 424 U.S. 967 (1976). In this case, *514 we must determine whether respondent has met his burden of proof and established, by clear and convincing evidence, that petitioner committed fraud in connection with his willful failure to file tax returns for the years before the Court. Petitioner's Submission of Frivolous Forms W-4E to His Employer
In Zell v. Commissioner, supra, the taxpayer filed purported Forms 1040 for 1976 and 1977 which contained frivolous constitutional objections in place of the information necessary to a determination of his tax liability. He filed no Forms 1040 for 1978 and 1979. He also submitted Forms W-4 for 1976-1979 that falsely claimed 13 withholding exemptions. Citing Raley v. Commissioner, 676 F.2d 980 (3d Cir. 1982), revg. a Memorandum Opinion of this Court, the Tenth Circuit indicated that since fraud entails some element of deception, and since such disclosure negates an intent to deceive, "under traditional definitions of fraud, disclosed defiance of the tax laws is not fraudulent." 763 F.2d at 1144. It concluded that the addition to *515 tax for fraud requires more than -- a disclosed willful refusal to file or the filing of protest returns. Indeed, * * * willful failure to file in conjunction with disclosure to the IRS of that failure to file clearly falls outside the fraud penalty, as does the filing of a protest return which makes clear that the taxpayer is not complying with the law. [763 F.2d at 1144-1145.] [5]
However, the court in Zell found that Zell "did not merely openly defy the tax laws." He also submitted Forms W-4 for 1976-1979 on which he falsely claimed that he was entitled to 13 exemptions. Applying the "affirmative action" test of Spies v. United States, 317 U.S. 492 (1943), the Tenth Circuit said that the filing of false Forms W-4 is an "affirmative act" of misrepresentation sufficient to justify the addition to tax for fraud. Zell v. Commissioner, supra at 1146. *516 The Tenth Circuit found Zell liable for the addition to tax for fraud for all four years before it. The facts in Zell are on point with this case in three key respects. In both this case and Zell -- 1. The taxpayer initially filed purported returns which disclosed defiance of Federal income tax laws (Zell for 1976-77, Hall for 1972). 2. The taxpayer later did not file even purported returns in certain years (Zell for 1978-79; Hall for 1973-77). 3. The taxpayer filed false withholding forms for all years before the Court (1976-79 for Zell, 1972-77 for Hall). [6]
Since the Tenth Circuit found fraud present in all years in the case before it, we believe it is consistent with that holding to reach the same result in the instant case. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). *517 This holding is consistent with that of Kotmair v. Commissioner, 86 T.C. 1253 (1986). In Kotmair, the taxpayer, a self-employed tax protester, failed to file returns for the years 1974-1976, and was convicted of willful failure to file for 1975-1976 under section 7203.[7] The taxpayer filed protester-type documents purporting to be, but not constituting, returns. There was no evidence of falsification of books or records, or concealment or misleading that would indicate fraudulent intent on the taxpayer's part. The Court concluded that the taxpayer's "open and declared intention not to comply with respondent's filing requirements, and his failure to do so" did not constitute fraud. Kotmair v. Commissioner, supra at 1261-1262. This Court noted that it has -- not been hesitant to impose the addition to tax for fraud, where there has been an intentional failure or refusal to file a return, * * * but in each case, there was also present some other and independent evidence of fraudulent intent, such as by concealing information from the examining *518 agents, filing false W-4 Forms, and the like, apart from the single fact of nonfiling, itself. [Fn. ref. and citations omitted.] 86 T.C. at 1260. Thus, while the taxpayer's tax protester arguments may have been "meritless, frivolous, *519 wrongheaded, and even stupid," they do not amount to fraud, without something more. Kotmair v. Commissioner, supra at 1262. In contrast, petitioner in the instant case established a pattern of nonfiling and submitted to his employer false Forms W-4 claiming to be exempt from withholding. As this Court stated in Kotmair, petitioner's nonfiling of returns, when accompanied by some other indicia of fraud, such as the filing of false Forms W-4, is sufficient to constitute fraud. Thus, fraud has been found where there was independent evidence of the taxpayer's fraudulent intent. In Rowlee v. Commissioner, 80 T.C. 1111 (1983), the taxpayer did not file returns for 1977-1979 and filed false Forms W-4 claiming exemption from withholding or entitlement to 10 exemptions. The Seventh Circuit has held that "a taxpayer cannot avoid the fraud penalties by notifying the Commissioner that he has been evading taxes and will continue to do so." Granado v. Commissioner, 792 F.2d 91, 94 (7th Cir. 1986). *520 In Granado, the taxpayer filed false Forms W-4 for 1980 and 1981, and did not file income tax returns. He notified the IRS "through various communications" that he was filing the false forms because, based on several frivolous arguments, he believed he was exempt from taxation. The Seventh Circuit found the taxpayer liable for the addition to tax for fraud, noting that informing the IRS that he was not complying with the tax laws "does not make it any less fraudulent." Granado v. Commissioner, supra at 93. Finally, a different result is not called for by Raley v. Commissioner, 676 F.2d 980 (3d Cir. 1982), revg. a Memorandum Opinion of this Court. In Raley, the taxpayer did not file returns for 4 years and falsely claimed exemption on Forms W-4E. However, he called attention to his failure to file returns by writing numerous letters to various tax collection officials pointing out his objections and failure to pay tax. The Third Circuit found that the Commissioner had not proven fraud because the taxpayer "went out of his way to inform every person involved in the collection process that he was not going to pay any federal income *521 taxes." 676 F.2d at 983. Petitioner's actions in the present case fall far short of the standard established in Raley and do not constitute a Raley-like pattern of notification. In any event, we note that this case is appealable to the Tenth Circuit and in the situation where false Forms W-4 have been filed along with protest returns such Circuit, as noted, has held that this is sufficient evidence of fraud. Allowance of Deductions and Credits
A final issue concerns allowance of deductions and credits. Petitioner operated a Christmas tree stand during some of the years involved. Mr. Wright testified that he supplied petitioner with Christmas trees for resale. He testified that Christmas tree lot operators, such as petitioner, incur unreimbursed expenses in connection with lot operations. Petitioner testified that he spent $ 540 per year to operate the stand. This included, for example, hired help and fuel for vehicles. The Court will allow a $ 540 deduction for each year petitioner operated a Christmas tree lot. Mr. Griess, an accountant, testified that he was familiar with petitioner's tax situation in the years in question. He testified *522 that he had told petitioner at the time that he thought petitioner would owe "negligible" amounts of tax for the years in question. However, even with this general statement, the record lacks specifics required to bear petitioner's burden of proof to establish entitlement to deductions and credits beyond that just discussed. To reflect the foregoing and concession, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner's income tax returns for 1970 and 1971 are considered filed on April 15, 1971 and April 15, 1972, respectively. See sec. 6501(b)(1)↩.
3. See Pavlic v. Commissioner, T.C. Memo. 1984-182↩. 4. T.C. Memo. 1966-81↩.
5. We note that Circuit Judges McKay and Seth↩ were in agreement with the holding that disclosed defiance is not fraud, but that Circuit Judge Barrett disagreed in a concurring opinion.
6. We note that we do not distinguish between a taxpayer who falsely claims 13 withholding exemptions (as in Zell↩) and one who falsely claims to be exempt from withholding (as in the instant case), petitioner's frivolous constitutional assertions for exemption notwithstanding.
7. We note that this Court held in Castillo v. Commissioner, 84 T.C. 405, 409-410 (1985), that a taxpayer is collaterally estopped by his criminal conviction under sec. 7203 from denying that he willfully failed to file returns for the tax years there involved. In Kotmair v. Commissioner, 86 T.C. 1253 (1986), however, we did not consider the issue of collateral estoppel in the context of the taxpayer's liability for the addition to tax for fraud. Rather, collateral estoppel was raised solely in our discussion of sec. 6651(a)(1). Perhaps this was due to our holding in Kotmair that mere failure to file does not constitute fraud. Accordingly, we find no inconsistency between Castillo and Kotmair↩.