DANIEL J. HETER, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Heter v. Commissioner
Docket No. 30345-84.
United States Tax Court
T.C. Memo 1986-422; 1986 Tax Ct. Memo LEXIS 186; 52 T.C.M. (CCH) 407; T.C.M. (RIA) 86422; September 9, 1986. Daniel J. Heter, Jr., pro se. Cheryl J. Choy-Weller, for the respondent. WILLIAMS
MEMORANDUM FINDINGS OF FACT AND OPINION WILLIAMS, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax and additions to tax pursuant to section 6653(b) [1] and section 6654 for the taxable years 1979, 1980, 1981 and 1982 in the following amounts: Section 6653(b)(1)
Section 6654
Year
Deficiency
Additions to Tax [2]
Additions to Tax
1979
$7,077.00
$3,539.00
$296.11
1980
3,424.00
1,712.00
218.38
1981
6,185.00
3,093.00
512.71
1982
9,526.00
4,763.00
919.37
The issues that Court must decide are: (1) whether the statute of limitations on assessment for 1979 or for 1980 expired prior to the issuance of respondent's notice of deficiency to petitioner; (2) whether petitioner is liable for additions to tax pursuant to section 6653(b) for any of the taxable years 1979, 1980, 1981 and 1982 for fraud with intent to evade tax and, if so for 1982, what part of that underpayment is due to fraud; (3) whether petitioner is liable for additions to tax pursuant to section 6654 for any of the taxable *188 years 1979, 1980, 1981 and 1982 for underpayment of estimated tax; and (4) whether petitioner is liable for damages pursuant to section 6673. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided at Newburgh, New York at the time the petition in this case was filed. Petitioner filed a Federal income tax return for his taxable year ended December 31, 1977 on which he reported adjusted gross income of $13,365.00, taxable income of $8,725.00 and a tax liability of $689.00. Petitioner paid his tax liability for 1977. Petitioner filed a document purporting to be his Federal income tax return for 1978 on which he reported only his name and address. To all other relevant questions, including those asking his occupation, social security *189 number, wages and other income, petitioner answered with the words "object self-incrimination." Respondent notified petitioner by letter dated March 30, 1979 that the document was not a return. Petitioner responded by letter dated September 15, 1979 stating various constitutional arguments in support of his assertion of the 5th Amendment privilege against self-incrimination. Petitioner did not file any document purporting to be a Federal income tax return for the taxable year 1979. On January 25, 1984 respondent filed a substitute for return for petitioner's taxable year 1979. Respondent assessed no tax against petitioner on the substitute for return. Petitioner filed a document purporting to be his Federal income tax return for each of the years 1980, 1981 and 1982, on which he reported only his name and address and answered all remaining relevant questions with the words "object self-incrimination." Respondent notified petitioner by letter dated April 29, 1981 that the document petitioner had filed as a Federal income tax return for 1980 was not a return because it did not provide the information required by law and did not conform to the requirements of the Internal Revenue *190 Code of 1954. Respondent wrote a similar letter dated April 15, 1982 with respect to petitioners purported 1981 return. Petitioner worked as an electrician during 1979, 1980, 1981 and 1982. During 1979 petitioner earned income as follows: Employer
Income Earned
Neptune Electric
$1,354.00
Bechtel Power Corp.
808.00
Lord Electric Co., Inc.
13,473.00
Empire Electric Co., Inc.
4,660.00
Petitioner filed a Form W-4, Employee's Withholding Allowance Certificate, with each of his employers except Bechtel Power Corp. On each of the Forms W-4 petitioner falsely claimed to be exempt from income tax withholding. During 1980 petitioner earned income as follows: Employer
Income Earned
Atkinson Wright Schuchart Harbor
$8,145.00
Totem Electric
2,668.00
Hime Electric Services, Inc.
3,053.00
Tallardy Electric, Inc.
1,188.00
Rust/WSH
1,670.00
Petitioner filed Forms W-4 with Totem Electric and Hime Electric Services, Inc. On both Forms W-4 petitioner falsely claimed to be exempt from income tax withholding. During 1981 petitioner earned income as follows: Employer
Income Earned
Perreca Electric Company, Inc.
$3,811.00
M. Scher & Son, Inc.
18,647.00
*191 Petitioner filed Forms W-4 with each employer on which he falsely claimed to be exempt from income tax withholding. During 1982 petitioner earned income as follows: Employer
Income Earned
Mid-Hudson Electric
$2,147.00
Frank N. McEnancy, Inc.
2,178.00
Tallardy Electric, Inc.
5,189.00
Coyne Electric Contractors
21,381.00
Petitioner filed Forms W-4 with each of these employers on which he falsely claimed to be exempt from Federal income taxation. Federal income tax was withheld from petitioner's earnings for the years 1979 through 1982 in the following amounts: Year
Amount Withheld
1979
0
1980
$ 1.00
1981
0
1982
$83.00
Petitioner received other income from dividends, interest, or taxable unemployment compensation during each of the years at issue in this case, none of which petitioner reported for the taxable years 1980, 1981 and 1982. Respondent determined that petitioner failed to report the following amounts of income for the years 1979 through 1982: Year
Unreported Income
1979
$25,364.00
1980
16,806.00
1981
23,692.00
1982
32,397.00
Respondent's notice of deficiency for *192 petitioner's taxable years 1979, 1980, 1981 and 198i was issued June 6, 1984. No criminal investigation of petitioner with respect to the years 1979 through 1982 was ever undertaken by respondent. Petitioner refused to meet with respondent or to supply information to respondent with respect to petitioner's Federal income tax liability for the taxable years 1979, 1980, 1981 and 1982 both before and after his petition in this case was filed. Petitioner asserted he had a constitutional right not to supply information to respondent. On March 13, 1986 respondent notified petitioner by letter that respondent would seek damages pursuant to section 6673 at trial. Respondent also advised petitioner of cases holding that the positions adopted by petitioner were frivolous. At the call of this case from the calendar, the Court warned petitioner against making frivolous arguments, particularly his argument that wages are not income. Until required by the Court to do so at trial, petitioner refused to stipulate facts that were relevant and that he knew to be true, and to which he had no objection that he could articulate. OPINION Petitioner presented no evidence to contest the deficiencies *193 or the additions to tax determined by respondent. Petitioner refused to testify, offered no witnesses, and chose not to rebut the substance of respondent's case. Petitioner argues, however, that his wages were not income, that he was privileged to refuse to provide the information necessary to the filing of a Federal income tax return by the 5th Amendment and that he was entitled to a jury trial in this Court. Petitioner also contends that the statutory notice of deficiency was issued after the statute of limitations on assessment had expired for the taxable years 1979 and 1980. A purported Federal income tax return that does not contain information sufficient to allow respondent to calculate the taxpayer's Federal income tax liability is not a return within the meaning of the Internal Revenue Code. United States v. Silkman,543 F.2d 1218 (8th Cir. 1976), cert. denied 431 U.S. 919 (1980); United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970); Beard v. Commissioner,82 T.C. 766 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986). At a minimum the return *194 must state the taxpayer's gross income, deductions, credits and exemptions claimed. United States v. Grabinski,727 F.2d 681 (8th Cir. 1984); White v. Commissioner,72 T.C. 1126 (1979). Petitioner filed no return for 1979. Petitioner filed a document purporting to be his return for 1980 on which he reported only his name and address, asserting the 5th Amendment privilege against self-incrimination for the remaining items on the document. This document was not a Federal income tax return within the meaning of the Internal Revenue Code. If a taxpayer has not filed a Federal income tax return, the statute of limitations on assessment of Federal income tax for that year does not run. Section 6501(c)(3); Grimes v. Commissioner,82 T.C. 235 (1984). Therefore, pursuant to section 6501(c)(3) respondent could assess Federal income tax against petitioner for petitioner's taxable years 1979 and 1980 at any time. Respondent's notice of deficiency was timely. Petitioner also asserted the 5th Amendment privilege against self-incrimination in response to most questions on the documents he filed as his returns for 1981 and 1982. [3] Such *195 a "blanket" assertion of the privilege is improper. United States v. Sullivan,274 U.S. 259 (1927). Besides being improperly raised, there were no grounds to support the privilege in this case. Assertion of the privilege is supported where the risk of incrimination is substantial and real, not merely trifling or imaginary. United States v. Apfelbaum,445 U.S. 115 (1980). Petitioner could not articulate the risk of incrimination to him, and the record provides no clue to any legitimate grounds for asserting the privilege. Petitioner's sources of income were legal; no criminal investigation of petitioner with respect to the years at issue in this case was undertaken or contemplated. Petitioner's assertion of the 5th Amendment privilege is unsupportable and was argued solely to delay this proceeding. As to petitioner's remaining claims, they are so well settled that we will not discuss them, other than to dismiss them as frivolous. Wages are income. Section 61(a); see Brushaber v. Union Pacific Railroad Co.,240 U.S. 1 (1916). *196 There is no right to a jury trial in this Court. Phillips v. Commissioner,283 U.S. 589, 599 n. 9 (1931); Dorl v. Commissioner,507 F.2d 406 (2d Cir. 1974), affg. 57 T.C. 720 (1972); Rowlee v. Commissioner,80 T.C. 1111 (1983). Respondent's notice of deficiency was timely, and petitioner offered no evidence to refute respondent's determination of the deficiencies in this case. Therefore, we find the deficiencies determined by respondent for each of petitioner's taxable years 1979, 1980, 1981 and 1982 to be correct. Welch v. Helvering,290 U.S. 111 (1933). Respondent bears the burden of proving fraud within the meaning of section 6653(b). Respondent must establish by clear and convincing evidence that petitioner underpaid Federal income tax and that some of the underpayment was due to fraud with intent to avoid payment of the tax believed to be owing, for each of the years 1979, 1980, 1981 and 1982. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Stoltzfus v. United States,389 F.2d 1002 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969). The *197 failure to file valid Federal income tax returns, without more, is not proof of fraud. Kotmair v. Commissioner, 86 T.C.     (June 19, 1986). Failure to file a return should, however, be considered in connection with other factors in deciding whether the requisite fraudulent intent has been proven. Rowlee v. Commissioner,supra.
In this case petitioner failed to file a return he knew to be due for each of the years at issue. Petitioner knew of his obligation to pay Federal income tax, having filed a return and paid his tax liability for 1977, a year in which both his adjusted gross income and his taxable income were less than in any of the years at issue in this case. See Habersham-Bey v. Commissioner,78 T.C. 304 (1982). That his intentional underpayment of tax was due to fraud is evident from the false W-4 Form that petitioner filed with each of his employers. On each form he falsely claimed to be exempt from Federal income tax withholding during each of the years 1979, 1980, 1981 and 1982. As a result, no Federal income tax was withheld from petitioner's income in 1979 and 1981, only $1.00 was withheld in 1980, and only $83.00 *198 was withheld in 1982. Lastly, petitioner continued to file documents as his returns for 1980, 1981 and 1982 after respondent had correctly notified him that a similar document filed as petitioner's return for 1978 did not qualify as a return within the meaning of the Internal Revenue Code. We conclude the addition to tax pursuant to section 6653(b) was properly imposed in each year before this Court. See Hebrank v. Commissioner,81 T.C. 640 (1983); Rowlee v. Commissioner,supra.The entire underpayment for 1982 is due to fraud. Petitioner bears the burden of proving that respondent's addition to tax imposed pursuant to section 6654(a) is incorrect. Hollman v. Commissioner,38 T.C. 251 (1962); Habersham-Bey v. Commissioner,supr. Petitioner was required to pay estimated tax pursuant to section 6654 and offered no evidence to refute respondent's determination. Therefore, we find that the additions to tax imposed upon petitioner pursuant to section 6654(a) were proper. Lastly, we consider respondent's motion to impose damages pursuant to section 6673. This Court may award damages to the United States if the Court *199 determines that petitioner instituted this proceeding primarily for purposes of delay or that petitioner's position in this proceeding was frivolous or groundless. While we are normally reluctant to impose section 6673 damages in fraud cases, the record in this case establishes that petitioner has had no interest in disputing either the deficiencies or additions to tax determined by respondent. Each of the positions argued by petitioner in this case was entirely without merit. [4] Petitioner insisted on a baseless 5th Amendment privilege to refuse to answer any of the questions on the documents filed as his Federal income tax returns and continued to assert this baseless privilege before this Court. Petitioner demanded a jury trial notwithstanding an arm's-length list of contrary authority. Petitioner refused to stipulate relevant facts known by him to be true until pressed by the Court at trial. Cf. Granado v. Commissioner,792 F.2d 91 (7th Cir. 1986), affg. per curiam a Memorandum Opinion of this Court. *200 Petitioner used his day in court to try to make speeches and not to present evidence. Petitioner refused to testify, offered no witnesses, and presented no evidence to refute respondent's determination of deficiencies and additions to tax. Petitioner urged frivolous or groundless position in this proceeding, and he was on notice that his arguments were not supported by law. This Court will not be so abused. Petitioner's sole purpose in instituting and maintaining this proceeding was for delay. Abrams v. Commissioner,82 T.C. 403 (1984). [5] Therefore, we hold that damages in the amount of $5,000.00, the maximum authorized by section 6673, are appropriate in this case. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue in this case, unless otherwise indicated. ↩
2. The Commissioner also determined an addition to tax pursuant to section 6653(b)(2) for the taxable year 1982. Section 6653(b)(2) is applicable with respect to taxes the last day prescribed by law for payment of which is after September 3, 1982.↩
3. A few questions not relevant to determining petitioner's own tax liability were answered "none."↩
4. After the Court admonished petitioner that his position that wages are not income was frivolous, petitioner did not present that argument in his trial memorandum (received as his opening brief). Yet, petitioner continued to press this contention in the stipulation of facts (and brought to the Court's attention the fact that he was doing so).↩
5. See also Hinshaw v. Commissioner,T.C. Memo. 1984-250↩.